# UNITED STATES BACKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: | Case No. 24-12397 - CMA |
| Gary Rosenthal | **Adv. No. 25-01010-CMA** |
| Debtor. | Chapter 13 |
| Gary Rosenthal, | **NOTICE OF APPEAL AND STATEMENT OF ELECTION** |
| Plaintiff, | |
| v. | |
| NewRez, LLC, d/b/a Shellpoint Mortgagae Services, LLC, Buda Hill, LLC, and Eastside Funding, LLC, | |
| Defendants. | |

NOTICE OF APPEAL AND
STATEMENT OF ELECTION

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806

I. **PART 1: IDENTIFY THE APPELLANT(S)**

    1. Name(s) of appellant(s):

        Gary Rosenthal

    2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ☒ Plaintiff | ☐ Debtor |
| ☐ Defendant | ☐ Creditor |
| ☐ Other (describe) _____ | ☐ Trustee |
|  | ☐ Other (describe) _____ |

II. **PART 2: IDENTIFY THE SUBJECT OF THIS APPEAL**

    1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:

        Dkt No. 76 – Order on Motion for Summary Judgment in Adversary Proceeding No. 25-01010

        Dkt. No. 78 – Final Judgment

    2. State the date on which the judgment—or the appealable order or decree—was entered:

        April 21, 2025 (Final Judgment)

III. **PART 3: IDENTIFY THE OTHER PARTIES TO THE APPEAL**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

    1. Party: NewRez, LLC dba Shellpoint Mortgage Services, LLC

        Attorneys: Gregpr A. Hensrude
Kliunedinst PC
1200 Fifth Avenue
Suite 1750
Seattle, WA 98101
Tel# 2106-672-4400
ghensrude@klinedinstlaw.com

NOTICE OF APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

1

| | | | | |
|---|---|---|---|---|
| | | | | Warren Lance |
| | | | | McCarthy Holthus :LLP |
| | | | | 108 1st Avenue, Suite 400 |
| | | | | Seattle, WA 98104 |
| | | | | Tel# 206-5696-4841 |
| | | | | *wlance@mccarthyholthus.com* |
| 2. | Party: | Buda Hill,. LLC | Attorneys: | John Anthony McInotsh |
| | | | | Schweet Linde Rosenblum, PLLC |
| | | | | 575 S. Michigan St. |
| | | | | Seattle, WA 98108 |
| | | | | Tel# 206-381-0101 |
| | | | | *johnm@schweetlaw.com* |
| | | | | |
| | | | | Michael M. Sperry |
| | | | | Schweet Linde Rosenblum, PLLC |
| | | | | 575 S. Michigan St. |
| | | | | Seattle, WA 98108 |
| | | | | Tel# 206-381-0101 |
| | | | | *michaels@schweetlaw.com* |
| 3. | Party: | Eastside Funding, LLC | Attorneys: | John Anthony McInotsh |
| | | | | Schweet Linde Rosenblum, PLLC |
| | | | | 575 S. Michigan St. |
| | | | | Seattle, WA 98108 |
| | | | | Tel# 206-381-0101 |
| | | | | *johnm@schweetlaw.com* |
| | | | | |
| | | | | Michael M. Sperry |
| | | | | Schweet Linde Rosenblum, PLLC |
| | | | | 575 S. Michigan St. |
| | | | | Seattle, WA 98108 |
| | | | | Tel# 206-381-0101 |
| | | | | *michaels@schweetlaw.com* |

2

NOTICE OF APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

```
 1
 2
 3   Dated: April 24, 2025         By: /s/ Christina L. Henry
                                       Christina L. Henry, WSBA #31273
 4                                     DEVLIN LAW FIRM LLC
                                       6100 219th St. SW, Ste. 480
 5                                     PMB 398
                                       Mountlake Terrace, WA 98043-2222
 6                                     Tel: (206) 319-0077
                                       chenry@devlinlawfirm.com
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
```

3

NOTICE OF APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Entered on Docket April 18, 2025

Below is the Order of the Court.



Christopher M. Alston
U.S. Bankruptcy Judge
(Dated as of Entered on Docket date above)

---

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re Gary Rosenthal, | Case No. 24-12397 |
| Debtor. | |
| Gary Rosenthal, | Adv. No. 25-01010 |
| Plaintiff, | ORDER ON MOTIONS FOR SUMMARY JUDGMENT |
| v. | |
| Defendant NewRez, LLC, d/b/a/ Shellpoint Mortgage Services, LLC, Buda Hill, LLC, Eastside Funding, LLC, | |
| Defendants. | |

This matter came before the Court on the Motion for Summary Judgment brought by Defendants Buda Hill, LLC ("Buda Hill") and Eastside Funding, LLC ("Eastside Funding") [ECF No. 44] and the Motion for Summary Judgment brought by the Plaintiff [ECF No. 46] (collectively, the "Motions"). The Court held a hearing on the Motions on April 10, 2025. After

Order - 1

hearing oral argument, the Court took the matter under advisement. For the reasons stated below, the Court will dismiss all of Plaintiff's causes of action and grant judgment in favor of all Defendants.

## I. FINDINGS OF FACT:

### A. The Debtor Owns Real Property but Faces Foreclosure.

The Plaintiff, Gary Rosenthal (the "Debtor" or "Plaintiff"), has owned and resided at 20228 23rd Place NW, Shoreline, Washington (the "Property") for about 15 years. In 2009 the Plaintiff gave a promissory note to Provident Funding Associates, L.P., secured by a deed of trust on the Property. Defendant NewRez LLC *dba* Shellpoint Mortgage Services LLC ("NewRez") eventually became the holder of the note and deed of trust.

The Plaintiff is not employed and previously cared for his elderly parents. In exchange, his parents provided financial support, until their deaths in 2019 and 2023. Absent this financial assistance from his parents, the Plaintiff fell behind on mortgage payments, and NewRez commenced nonjudicial foreclosure proceedings. The foreclosure trustee, Quality Loan Service Corporation ("Quality"), conducted a nonjudicial foreclosure sale on September 20, 2024. Buda Hill and Eastside Funding submitted the winning bid of $915,100.000. The outstanding mortgage balance at the time of the sale was $363,188.65.

### B. The Debtor files Bankruptcy Before Buda Hill and Eastside Funding Receive and Record the Trustee's Deed.

After the foreclosure sale, the Quality executed a "Trustee's Deed upon Sale" in favor of Buda Hill and Eastside Funding. Quality placed the deed in the mail at 1:51 p.m. on September 24, 2024. The Plaintiff filed the underlying chapter 13 bankruptcy on the same day at 2:56 p.m. At 3:02 p.m. that day Plaintiff's counsel emailed the Quality to inform it that the Plaintiff filed the underlying chapter 13. Quality is still holding the surplus sale funds but paid the remaining proceeds to NewRez in late October 2024.

The Plaintiff asserts he does not own a computer or cell phone and experienced severe emotional distress following the loss of his parents. The Plaintiff concedes he received the foreclosure notices but asserts he did not pay attention to the sale date because he was focusing on obtaining his inheritance to cure the mortgage default. The Plaintiff asserts he understood what happened only after the foreclosure sale occurred and he spoke with his sister. The Plaintiff remains in the Property and states that he intends to refinance or obtain a reverse

Order - 2

mortgage if he is able to unwind the sale.

Buda Hill and Eastside Funding moved for relief from stay to record the deed, which the Court granted, finding that they had demonstrated a colorable claim to title. The Plaintiff then brought this action and obtained a temporary restraining order and preliminary injunction preventing the recordation. The deed remains unrecorded.

## II.   CONCLUSIONS OF LAW.

### A.   This Court Has Jurisdiction and the Matter is Core.

This Court has jurisdiction under 28 U.S.C. § 1334(b). This matter is core under 28 U.S.C. § 157(b)(2)(A), (H), and (O).

### B.   Summary Judgment Standard.

"A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense-on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056; Fed.R.Civ.P. 56(a). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The materiality of a fact is determined by the substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

### C.   The Trustee's Deed was "Physically Delivered."

Property interests are created and defined by state law. *Butner v. United States*, 440 U.S. 48 (1979). Bankruptcy courts must look to state law when determining the nature of an estate's property rights. *In re Keller*, 185 B.R. 796, 800 (B.A.P. 9th Cir. 1995).

RCW 61.24.050(1) provides that "upon physical delivery of the trustee's deed to the purchaser . . . the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale . . ." The Washington State Legislature amended this statute in 2012 to include the "upon physical delivery" language. Prior to that amendment, the operative language provide for the transfer of title "[w]hen delivered to the purchaser . . ." *See* Laws of 1998, ch. 295, § 7.

Order - 3

The foreclosure trustee may void the sale up to 11 days following the sale for three discrete reasons: an error with the trustee foreclosure sale process, the borrower and lender agreeing to a loan modification agreement or similar resolution of the debt pre-sale, or pre-sale reinstatement of the loan. *See* RCW 61.24.050(2)(a). None of the parties assert that any of the bases to void the sale apply here.

The main dispute between the Plaintiff and Buda Hill and Eastside Funding is the interpretation of the language "physical delivery." Washington's Deed of Trust Act does not define "physical delivery." Under Washington law, a court's objective in construing a statute is to determine the legislature's intent. *Udall v. T.D. Escrow Services, Inc.*, 159 Wash. 2d 903, 909 (Wash. 2007) (quoting *Tingey v. Haisch*, 159 Wash.2d 652, 657, (Wash. 2007)). If the statute's meaning is facially plain, "then the court must give effect to that plain meaning as an expression of legislative intent." *Id.* "Plain meaning is discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." *Id.* "If the statutory language remains susceptible to more than one reasonable interpretation, the statute is considered ambiguous and the court may then employ statutory construction tools, including legislative history, for assistance in discerning legislative intent." *Id.*

The Court begins with the word "physical," which commonly means "[o]f, relating to, or involving material things; pertaining to real, tangible objects." *Black's Law Dictionary* (12th Ed. 2024). Meanwhile, the word "delivery" means "1. [t]he formal act of voluntarily transferring something; esp., the act of bringing goods, letters, etc. to a particular person or place. 2. [t]he thing or things so brought and transferred." *Id.*

The parties agree that Quality physically placed the trustee's deed in the mail prior to the Plaintiff filing the underlying bankruptcy. The Plaintiff does not attempt to explain how placing the deed in the mail is not a physical act of voluntarily transferring the deed. At that moment, it left Quality's possession, and Quality had no more physical control over the deed.

The Plaintiff essentially argues that the language means "receipt." However, there are numerous instances in RCW 61.24 in which the Washington State Legislature used the word "receipt" or "received," *see* RCW 61.24.026, .030, .040, and .070. The legislature therefore knew how to use the words "receipt" or "received" if that was its intent. Thus, to the extent that

Order - 4

the language of RCW 61.24.050(1) is ambiguous, the Court's interpretation is bolstered by the fact that the legislature chose not to use "receipt" or "received" in this instance.

The Plaintiff cites to other interpretations of similar language under the Internal Revenue Code and the Uniform Commercial Code but fails to explain why these interpretations are relevant to the Washington state statute or provide evidence that the Washington State legislature considered and approved of these interpretations when it enacted the 2012 amendments.

Buda Hill and Eastside Funding argue that the intent of Quality is what matters for delivery. The Washington State Supreme Court has held "[t]here may be an effective delivery of a deed without actual manual delivery and change of possession, but whether there has been a valid delivery under the circumstances depends upon the intention of the grantor." *Anderson v. Ruberg*, 20 Wash. 2d 103, 107, 145 P.2d 890, 893 (Wash. 1944). But this case predates the 2012 amendment. It does, however, support the Court's conclusion that the change of the language to "physical delivery" was intended to require a physical act to transfer the trustee's deed, not receipt. The Plaintiff further argues that if mailing the trustee's deed were sufficient, RCW 61.24.050(1) would say "mailing" instead of "physical delivery," but this argument ignores that there may be other methods of delivering a deed, such as by courier, delivery service, or hand delivery.

The Court concludes that "physical delivery" does not mean receipt, and therefore the requirements of RCW 61.24.050(1) were met prepetition. Therefore, the Trustee's Deed conveyed the right and title to the Property to the Buda Hill and Eastside Funding before the Plaintiff filed his bankruptcy case.

D.      **Case Law Regarding Sale Irregularities is Not Applicable.**

The Plaintiff cites cases regarding issues with deed acknowledgement, but they are not analogous to the facts of this case. In reply, Plaintiff argues that *Selene RMOF II REO Acquisitions II, LLC v. Ward*, 189 Wash.2d 72 (Wash. 2017) controls and holds that title does not pass until the deed is valid, acknowledged, and delivered. Like *In re Betchan*, 524 B.R. 830, 832 (Bankr. E.D. Wash. 2015), *Ward* appears to examine the acknowledgement element required by RCW 64.04.020. There is no dispute that the trustee's deed was acknowledged here. Neither case discusses what constitutes "physical delivery," and therefore these cases are inapplicable to the dispute at hand.

The Plaintiff also cites several cases that require a trustee's strict compliance with the

Order - 5

Deed of Trust Act, namely *Klem v. Washington Mutual Bank*, 176 Wash.2d 771 (Wash. 2013); *Cox v. Helenius*, 103 Wash.2d 383 (Wash. 1985)); and *Albice v. Premier Mortg. Servs.*, 174 Wash.2d 560, 572 (Wash. 2012). But the Plaintiff never explains *how* Quality failed to strictly comply with the Deed of Trust Act requirements here. The parties agree that Quality properly executed the deed, had it acknowledged prepetition, and placed it in the mail prepetition. The fact that the Plaintiff later filed bankruptcy does not change the fact that Quality completed its duties to the letter of the law. At that point, there was nothing left for Quality to do. The Plaintiff's after-the-fact bankruptcy filing does not create an irregularity in an otherwise properly conducted nonjudicial foreclosure.

E. **The Plaintiff is not Entitled to Quiet Title in His Name.**

RCW 7.28.010 permits "[a]ny person having a valid subsisting interest in real property, and a right to the possession thereof" to bring an action to quiet title. Because the Plaintiff has not prevailed in his argument that the sale was incomplete under the language of RCW 61.24.050(1), he is not entitled to quiet title to the property. The Court must dismiss Plaintiff's claim to quiet title.

F. **The Plaintiff Cannot Unwind the Sale Using 11 U.S.C. § 544(a)(3).**

Section 544(a)(3) of the Bankruptcy Code bestows upon the trustee (or in this case, the chapter 13 debtor with derivative standing) the avoidance power of a bona fide purchaser of real property from the debtor as of the petition date. State law determines whether a party is a bona fide purchaser. *In re Professional Investment Properties of America*, 955 F.2d 623, 627 (9th Cir. 1992). In Washington, courts have defined a bona fide purchaser as "one who without notice of another's claim of right to, or equity in, the property prior to his acquisition of title, has paid the vendor a valuable consideration." *Miebach v. Colasurdo*, 102 Wash.2d 170, 175, 685 P.2d 1074 (Wash. 1984). "A trustee does not become a hypothetical bona fide purchaser if she has been put on constructive or inquiry notice." *Professional Investment Properties*, 955 F.2d at 627. Constructive notice occurs when there is "knowledge of facts sufficient to put an ordinarily prudent man on inquiry and a reasonably diligent inquiry would lead to the discovery of title or sale defects." *Albice v. Premier Mortg. Servs.*, 174 Wash.2d 560, 572 (Wash. 2012) (citing *Steward v. Good*, 51 Wash. App. 509, 513, 754 P.2d 150 (Wash. App.1988).

The Plaintiff argues that the recorded notice of trustee's sale is not sufficient to impart inquiry or constructive notice. The Court disagrees. The notice of trustee's sale here listed a

Order - 6

sale date just a few days before the filing of the bankruptcy case. Had a bona fide purchaser seen the notice, it would have been aware that the property was scheduled for a very recent foreclosure sale. If that bona fide purchaser then contacted the foreclosure trustee, the purchaser would have easily discovered a sale had occurred. This is sufficient to put a bona fide purchaser on notice and prevent the application of § 544(a)(3). To hold otherwise would incentivize debtors to sleep on their state law remedies to restrain a foreclosure sale, wait until after the sale had concluded, and immediately file bankruptcy to unwind the transfer, which is not an appropriate use of § 544(a)(3) and would undermine the entirety of the Deed of Trust Act. The Court must dismiss the Plaintiff's claim under § 544(a)(3).

G. **The Debtor Fails to Establish a Right to a Permanent Injunction.**

A Plaintiff may secure a permanent injunction by establishing: (1) actual success on the merits; (2) the threat of irreparable injury in the absence of an injunction; (3) inadequacy of legal remedies (e.g., damages are insufficient); (4) a balance of hardships favoring the plaintiff; and (5) alignment with the public interest. *See Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Relations*, 730 F.3d 1024, 1032 (9th Cir. 2013).

Reviewing the evidence in a light most favorable to the Plaintiff, the Court must deny the request for a permanent injunction. The Plaintiff's request fails with the first factor since, in the view of the Court, his claims fail on the merits. Element four weighs heavily in favor of the Defendants, who have prevailed and would be wrongly harmed by a permanent injunction. Finally, element five does not weigh in favor of granting a permanent injunction to a party that has not succeeded on the underlying claim. The Plaintiff's claim for a permanent injunction is dismissed.

H. **The Plaintiff Cannot Pursue Avoidance Action Claims.**

The Plaintiff's summary judgment papers indicate that he is abandoning claims he brought under 11 U.S.C. §§ 547, 548, and 550. The Defendants, however, have requested summary dismissal of these causes of action so the Plaintiff may not unilaterally withdraw the claims. Fed. R. Civ. P. 41(a)(1) and Fed. R. Bankr. P 7041.

Plaintiff's cause of action under §547 fails due to his inability to establish statutory elements to show a preferential transfer. To prevail a plaintiff must show a transfer on account of an antecedent debt and that the transferee received more than it would in a Chapter 7 proceeding. See 11 U.S.C. § 547(b)(2) and (5). Here, Buda Hill and Eastside Funding had no

Order - 7

pre-petition creditor-debtor relationship with the Plaintiff, so the transfer of the Property could not have been on account of an antecedent debt. Further, the transfer cannot be avoided under § 547 as to NewRez because it received exactly what it would receive in a hypothetical Chapter 7 - payment in full of its obligation due to it being over-secured in the Property. This conclusion is evidenced by both the Plaintiff's appraisal and the amount of excess proceeds the sale generated. Therefore, the preference action lacks merit and will be dismissed as a matter of law.

The Plaintiff's fraudulent transfer claim must also fail. A trustee may avoid a transfer of debtor's property made within two years of filing if, among other things, the debtor received less than a reasonable equivalent value in exchange for the transfer. 11 U.S.C. § 548(a)(1)(B)(i). The U.S. Supreme Court has declared that the purchase price at a non-collusive and regularly conducted foreclosure sale constitutes reasonable equivalent value for purposes of 11 U.S.C. § 548. *See In re Samaniego*, 224 B.R. 154, 162 (Bankr. E.D. Wash. 1998) *citing BFP v. Resolution Trust Corp.*, 511 U.S. 531, 114 S. Ct. 1757 (1994). Construing the evidence in a light most favorable to the Plaintiff, there is nothing in the record that could lead to a finding that the trustee's sale was defective, collusive, or irregular. The Court rejects the Plaintiff's argument that his bankruptcy filing constitutes an "irregularity" that puts § 548 into play; the sale was conducted regularly, title was transferred, the sale was completed, and *then* Plaintiff filed a bankruptcy petition. And since the Plaintiff can advance no claims under §§ 547 or 548, he may not recover anything from any of the defendants under §550. The Court therefore will dismiss these causes of action on the merits.

I.      **NewRez Did Not Violate the Automatic Stay.**

The Plaintiff brings a cause of action under 11 U.S.C. § 362(a)(3) seeking to void the transfer of sale proceeds to NewRez as a stay violation and to require disgorgement of the monies. Actions in violation of the automatic stay are void. *See In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992).

Construing the facts in favor of the Plaintiff, the Court decides as a matter of law that NewRez did not violate the automatic stay. As noted above, the successful bidders delivered the funds to the foreclosure trustee who in turn transferred title to the Property to the successful bidders before the Plaintiff commenced the underlying case. Washington's Deed of Trust Act provides "[t]he trustee shall apply the proceeds of the sale as follows: (1) to the expense of sale, including a reasonable charge by the trustee and by his or her attorney . . . (2) to the obligation

Order - 8

secured by the deed of trust . . . ." RCW 61.24.080. Importantly, in statutory construction, the word "shall" imposes a mandatory duty. *Bufkin v. Collins*, 145 S. Ct. 728, 737 (2025); *see also Matter of Guardianship of L.C.*, 28 Wash. App. 2d 766, 773, 538 P.3d 309 (Wash. Ct. App. 2023).

Upon the transfer of title, the Plaintiff had no right to any of the proceeds payable to the NewRez—he only could assert a claim to any excess proceeds. Notably (and fortunately for the Plaintiff) the sale generated substantial excess proceeds that became property of the estate upon the Plaintiff's bankruptcy filing. But the Court must reject his contention that NewRez somehow violated the automatic stay.

### III.  CONCLUSION AND ORDER

Because the nonjudicial foreclosure sale completed before the Plaintiff filed the underlying bankruptcy case, his claims fail and must be dismissed. Now, therefore, it is hereby ORDERED as follows:

1. All of Plaintiff's claims are DISMISSED with prejudice;
2. The non-judicial foreclosure sale conducted under R.C.W. 61.24 transferred title to the Property to Defendants Buda Hill, LLC and Eastside Funding, LLC prior to the commencement of the underlying chapter 13 case filed by Plaintiff; and
3. The Court shall enter a separate judgment consistent with this Order pursuant to Fed. R. Civ. P. 58 and Fed. R. Bankr. P 7058.

///END OF ORDER///

Order - 9

Entered on Docket April 21, 2025

Below is a Judgment of the Court.

Christopher M. Alston
U.S. Bankruptcy Judge

(Dated as of Entered on Docket date above)

_____

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re Gary Rosenthal, | Case No. 24-12397 |
| Debtor. | |
| Gary Rosenthal, | Adv. No. 25-01010 |
| Plaintiff, | |
| v. | FINAL JUDGMENT |
| Defendant NewRez, LLC, d/b/a/ Shellpoint Mortgage Services, LLC, et al., | |
| Defendants. | |

In accordance with the Order on Motions for Summary Judgment (ECF No. 76), the Court hereby enters JUDGMENT as follows:

1. Judgement is awarded Defendants Buda Hill, LLC, and Eastside Funding, LLC against

Order - 1

**Below is a Judgment of the Court.**

    Plaintiff consistent with the Order.

2. All claims asserted in this adversary proceeding by Plaintiff are hereby dismissed.

/// END OF JUDGMENT ///

Order - 2