The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>Gary Rosenthal<br><br>Debtor.<br>_____<br>Gary Rosenthal,<br><br>*Plaintiff,*<br><br>v.<br><br>NewRez, LLC, d/b/a Shellpoint Mortgage Services, LLC, Buda Hill, LLC, and Eastside Funding, LLC,<br><br>*Defendants.* | 2:25-cv-00828-RSL<br><br>WAW internal appeal No. 25-S005<br><br>MOTION FOR STAY PENDING APPEAL<br><br>NOTED FOR HEARING:<br><br>May 7, 2025 |

MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

## I.   NATURE OF EMERGENCY

The Appellant, Gary Rosenthal, respectfully seeks emergency relief from the Bankruptcy Court's May 5, 2025, order denying his motion for a stay pending appeal. The preliminary injunction currently maintaining the status quo—secured by a $43,000 cash bond—is set to expire on May 14, 2025, at 11:59 p.m. Without further injunctive relief, the purchaser at the nonjudicial foreclosure sale that occurred the Friday before Mr. Rosenthal filed for Chapter 13 will be free to record the trustee's deed and irrevocably divest him of title, despite a pending appeal over whether title transferred prepetition. The time-sensitive nature of the threatened conveyance, its irreversible consequences, and the Bankruptcy Court's recognition of the issue's complexity compel this Court's immediate intervention to prevent mootness and irreparable harm.

The appeal centers on RCW 61.24.050(1), which states that a trustee's deed conveys title "[u]pon physical delivery . . . to the purchaser." The statutory question—whether mailing alone constitutes "physical delivery"—is one of first impression in Washington. The Legislature added the word "physical" in 2012, but no appellate court has decided whether constructive delivery satisfies the statute. The Bankruptcy Court acknowledged the issue was "challenging," yet declined to treat it as a "serious legal question." In doing so, it misapplied the stay standard, disregarding the Ninth Circuit's flexible approach in *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011), and *Nken v. Holder*, 556 U.S. 418 (2009), which authorize a stay where serious legal questions are raised and the balance of hardships tips sharply toward the movant.

## II.   FACTS

Gary Rosenthal is a longtime resident and homeowner of 20228 23rd Place NW in Shoreline, Washington, where he has lived for over 15 years. *See* Rosenthal Decl. ¶ 1. Beginning around 2016, he became the primary caregiver for his elderly parents, both of whom lived in the home with him. *Id.* at ¶ 2. After his father's death in 2019 and his

1

MOTION FOR STAY  
PENDING APPEAL

DEVLIN LAW FIRM  
1526 GILPIN AVENUE  
WILMINGTON, DE 19806  
TEL: (302) 449-9010

1  mother's passing in late 2023, Rosenthal experienced severe emotional and financial
2  hardship. His mother had contributed to the mortgage payments, and her death left him
3  unable to stay current on his loan. *Id.* at ¶ 2-3. These challenges were compounded by the
4  COVID-19 pandemic, which derailed Mr. Rosenthal's career in marine science. *Id.* at ¶ 3.
5       Struggling with grief and depression, Mr. Rosenthal faced significant probate
6  delays and lacked access to basic communication tools like a cell phone or computer. *Id.*
7  at ¶ 4. He did not fully understand his legal options, and only learned of the foreclosure
8  sale after the fact—when informed by his sister. *Id.* ¶ 5. On September 20, 2024, Quality
9  Loan Service Corporation conducted a nonjudicial foreclosure sale. The winning bid of
10 $915,100 came from Buda Hill, LLC and Eastside Funding, LLC—substantially below
11 the $1.35 million fair market value confirmed by an independent appraisal. Judicial
12 Notice of Documents("JNOD"), Ex.1., McDonald Decl. ¶ 5 & Ex. 2, Montero Decl. ¶¶
13 3–4 & Ex. 3.
14      On September 24, 2024, at 1:51 p.m., Quality executed and mailed the trustee's
15 deed to Eastside Funding. About one hour later, at 2:56 p.m., Mr. Rosenthal filed for
16 Chapter 13 bankruptcy. The deed had not been delivered or recorded at the time of filing.
17 *Id.* at Ex. 2, McDonald Decl. ¶¶ 6–8 & Exs. B–C. Eastside Funding did not receive the
18 deed until the following day. *See Id.* at Ex. 3, Tang Decl. ¶ 5. Shortly after learning of the
19 bankruptcy, Quality advised the purchaser that the deed had not yet been recorded. *Id.* at
20 Ex. 2, McDonald Decl. ¶ 8.
21      Despite notice of the bankruptcy, Shellpoint Mortgage—the servicer for the
22 loan—demanded and received $363,188.65 of the sale proceeds on October 25, 2024.
23 JNOD, Ex.1., McDonald Decl. ¶ 11. Rosenthal contends this post-petition disbursement
24 violated the automatic stay. In the meantime, he has become eligible for Social Security
25 and received funds from an inherited IRA. *See* Rosenthal Decl. ¶ 8. He has also secured
26 conditional approval for a reverse mortgage that will satisfy all remaining mortgage
27

2

MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

obligations if he is permitted to retain title. *See* Rosenthal Decl. ¶ 10. The foreclosure purchaser, Buda Hill, is a real estate investment entity that structured the transaction as part of a Section 1031 exchange, using a qualified intermediary to defer taxes on other property sales. JNOD, Ex. 4, Wang Decl. ¶ 6. This confirms that the purchase was purely investment-driven, not for occupancy or personal use.

### III.  PROCEDURAL HISTORY

Four months after the bankruptcy filing, on January 27, 2025, the bankruptcy court granted Buda Hill's motion for relief from the automatic stay, concluding that the purchasers held a colorable claim to title. JNOD Ex. 5, Order Granting Relief from Stay & Ex. 6, Hrg. Jan. 23, 2025 Tr. 28:1-10. Mr. Rosenthal then filed this adversary proceeding and obtained a temporary restraining order, later converted into a preliminary injunction upon the posting of a $35,000 bond. *Id.* at Ex. 7, Order Granting TRO & Ex. 8, Order Granting Preliminary Injunction. The injunction prohibits defendants from recording the trustee's deed or taking any action affecting the title to Rosenthal's home. The court later increased the bond to $43,000 and extended the injunction through May 7, 2025. *Id.* at Ex. 9, Henry Decl. re Bond & Ex. 10, Agreed Order Extending Preliminary Injunction & Ex. 11, Henry Decl. re Bond Extension.

On April 10, 2025, the court held a hearing on cross-motions for summary judgment and issued a ruling on April 18, 2025, granting judgment in favor of all defendants. *Id.* at Ex. 12, Order on Summary Judgment. The court concluded that title had transferred prepetition because the deed was "physically delivered" when placed in the mail on September 24, 2024, under RCW 61.24.050(1). The court rejected Rosenthal's remaining claims under §§ 544(a)(3), 547, 548, 550, and 362, and denied his requests for a permanent injunction and to quiet title.

Mr. Rosenthal filed a motion for a stay pending appeal and a second motion to extend the preliminary injunction. On May 5, 2025, the court denied the stay.

3

MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

1  Nonetheless, the Court extended the injunction through May 14, 2025, at 11:59 p.m., to
2  allow him to seek relief from the District Court. JNOD Ex. 13, Order on Motion for Stay
3  Pending Appeal & Ex. 14, Order on Second Motion to Extend Stay with Bond.

### IV.   ARGUMENT

#### A.   Legal Standard

A stay pending appeal is governed by Federal Rule of Civil Procedure 62(d), and in bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 8007. Under this rule, a court may issue a stay during an appeal if adequate security protects the opposing party's rights, applying a standard similar to that for a preliminary injunction. As the Supreme Court explained in *Nken v. Holder*, 556 U.S. 418 (2009), courts consider: (1) whether the applicant has made a strong showing of likely success on the merits; (2) whether the applicant will be irreparably injured without a stay; (3) whether issuance of the stay will substantially injure other parties; and (4) where the public interest lies. *Id.* at 426.

In the Ninth Circuit, these factors are applied flexibly, consistent with *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008), and *Nken*, which incorporated *Winter*'s framework. In *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011), the court confirmed that a stay may be appropriate even without a probability of success, so long as the case raises "serious legal questions" and the balance of hardships tips sharply in the movant's favor. This sliding scale approach remains valid post-*Winter*, provided the other two factors—irreparable harm and the public interest—are satisfied. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). Courts give special weight to irreparable harm where, as here, the appeal could be mooted by the irreversible loss of property or rights. *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008). In such cases, a stay is not merely appropriate—it is essential to preserve effective appellate review.

4

MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

### B. Standard of Review

The District Court reviews the Bankruptcy Court's denial of a stay pending appeal for abuse of discretion. *In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980). A bankruptcy court abuses its discretion when it applies the wrong legal standard or misapplies the correct standard. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). However, if the court gets to the merits issue, interpretation of statutes is reviewed de novo. *In re Raintree Healthcare Corp.*, 431 F.3d 685, 687 (9th Cir. 2005).

### C. The Bankruptcy Court Misapplied the Stay Standard and Erroneously Rejected a Serious Legal Question

The bankruptcy court abused its discretion by applying an overly rigid interpretation of the stay factors, contrary to binding Ninth Circuit precedent. Specifically, the court rejected Mr. Rosenthal's request for a stay pending appeal by insisting on a "strong showing" of likely success on the merits and discounting the statutory question presented as insufficiently serious, despite acknowledging it was a "challenging" and novel issue. In doing so, the court relied on *Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023), and *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 863 (9th Cir. 2022), as well as *Lopez v. Heckler*, 713 F.2d 1432, 1435–36 (9th Cir. 1983), to conclude that a stay cannot be granted absent a near-certain likelihood of appellate success.

This was a legal error. The Ninth Circuit has long held that a movant need not always show probable success on appeal; a stay may be granted where the appeal raises "serious legal questions" and the balance of hardships tips sharply in the movant's favor. *Leiva-Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011). The court confirmed that this sliding-scale approach "survives Nken" and continues to govern stay requests. *Id.* at 968. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011), similarly affirmed that serious legal questions may suffice when supported by sharply

1  tipping equities. While *Lopez* contains language suggesting a stricter standard, it predates
2  *Nken*, *Leiva-Perez*, and *Cottrell*, and is no longer controlling to the extent it rejects the
3  flexible sliding-scale framework.

4        Nor do *Manrique* or *Berkeley* support the bankruptcy court's conclusion. In
5  *Manrique*, the Ninth Circuit denied a stay because the movant failed to raise a genuinely
6  unsettled legal issue under the treaty as issue—not because it rejected the serious legal
7  question standard. 65 F.4th at 1041. That case does not stand for the proposition that only
8  claims likely to succeed can qualify as "serious." In fact, the court acknowledged that
9  even where irreparable harm is high, a stay still requires either a likelihood of success or
10 a truly serious legal question. 65 F.4th at 1041. Berkeley similarly clarified that a serious
11 legal question must require "more deliberative investigation" and not be readily
12 resolvable at the preliminary stage. 32 F.4th at 863.  But unlike those cases, Mr.
13 Rosenthal's appeal plainly satisfies that test. The core issue—whether mailing a trustee's
14 deed constitutes "physical delivery" under RCW 61.24.050(1)—is a statutory question of
15 first impression under Washington law. It has not been decided by any appellate court
16 and turns on statutory language added in a 2012 amendment. The bankruptcy court's own
17 ruling acknowledged this was a "challenging" legal question, but treated it as settled,
18 effectively demanding near-certain success to qualify for a stay. That was legal error.

19       Federal courts within the Ninth Circuit recognize that issues of first impression
20 present classic "serious legal questions." In *McGhee v. N. Am. Bancard, LLC*, the court
21 granted a stay despite denying a motion to compel arbitration, finding the appeal raised
22 novel questions of assent to electronic contracts under unsettled Ninth Circuit law. 2018
23 U.S. Dist. LEXIS 19579, at *4–5 (S.D. Cal. Feb. 6, 2018). Similarly, in *Knapke v.*
24 *PeopleConnect Inc.*, the court reiterated that a serious legal question may arise from a
25 novel issue or a division of authority. No. C21-262 MJP, 2021 WL 4442673, at *3–4
26 (W.D. Wash. Sept. 28, 2021). Here, where no Washington appellate court has interpreted
27 

6

MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

"physical delivery" under RCW 61.24.050(1), Mr. Rosenthal's case raises precisely the kind of unresolved legal question that warrants a stay pending appeal.

This conclusion is further supported by *C.P. v. Blue Cross Blue Shield of Ill.*, where the district court granted a stay after summary judgment because the case involved "serious legal questions" under ERISA and MHPAEA, with no controlling Ninth Circuit authority and substantial downstream consequences. 2024 U.S. Dist. LEXIS 11231, at *3–5 (W.D. Wash. Jan. 22, 2024). The court emphasized that a fully developed record, the lack of precedent, and the high-stakes impact for a vulnerable population supported granting a stay. Just as in *C.P.*, Mr. Rosenthal's appeal arises from a summary judgment ruling on an issue involving statutory construction, legal uncertainty, and major real-world consequences. But here the stakes are even more severe: the loss of a home, the potential mooting of a live appeal, and the permanent divestment of title—a loss that is not only severe but likely irreversible. That level of harm weighs heavily in favor of preserving the status quo. As courts throughout the Ninth Circuit have recognized, the potential loss of a primary residence—unlike purely economic harms or investment losses—constitutes irreparable harm for purposes of injunctive relief. Where the harm threatens not only shelter but appellate rights themselves, the balance of equities also tips decisively in favor of a stay.

### 1.    RCW 61.24.050(1) Requires Physical Delivery of the Deed to Convey Title

Under Washington's Deed of Trust Act (DTA), RCW 61.24 et seq., the act that transfers legal title in a nonjudicial foreclosure is not the auction itself, but the **physical delivery** of the trustee's deed. RCW 61.24.050(1). Here, the deed was neither delivered nor recorded before Mr. Rosenthal filed for bankruptcy, leaving title with the Debtor on the petition date and the Property in the estate.

7

MOTION FOR STAY  
PENDING APPEAL

DEVLIN LAW FIRM  
1526 GILPIN AVENUE  
WILMINGTON, DE 19806  
TEL: (302) 449-9010

### a. Legislative History and Clarification

Under Washington's Deed of Trust Act (DTA), RCW 61.24 et seq., the act that transfers legal title in a nonjudicial foreclosure is not the auction itself, but the physical delivery of the trustee's deed. RCW 61.24.050(1). Here, the deed was neither delivered nor recorded before Mr. Rosenthal filed for bankruptcy, leaving title with the Debtor on the petition date and the Property in the estate.

Earlier versions of RCW 61.24.050 referred only to "execution" of the deed, creating ambiguity about when title passed. In 1998, the Legislature replaced this with "when delivered," and in 2012 clarified further by requiring "physical delivery." Laws of 1998, ch. 295, § 7; RCW 61.24.050(1). At the same time, it enacted RCW 61.24.050(2)–(5), authorizing trustees to void sales post-auction by mailing a rescission notice. This deliberate contrast—using "mailing" for rescission and "physical delivery" for conveyance—confirms the Legislature's intent to require actual, tangible transfer of the deed to complete the sale. Since that amendment, Washington bankruptcy courts have uniformly held that physical delivery is a substantive condition for title to transfer. See, e.g., *In re Betchan*, 524 B.R. 830, 833–34 (Bankr. E.D. Wash. 2015) (title did not transfer without physical delivery prepetition); *In re Nelson*, 2017 Bankr. LEXIS 529, at *2–4 (Bankr. W.D. Wash. Feb. 24, 2017) (declined to find transfer due to lack of delivery); *In re Lopez*, 2019 WL 4744911, at *3 (Bankr. E.D. Wash. Feb. 6, 2019) (debtor retained interest where deed not delivered prepetition); *In re Fairbanks*, 2021 Bankr. LEXIS 169, at *12 (Bankr. W.D. Wash. Jan. 25, 2021); *In re Fairbanks*, 2021 Bankr. LEXIS 2209, at *14 (B.A.P. 9th Cir. Aug. 12, 2021).

### b. Statutory Construction and Plain Meaning

The bankruptcy court's conclusion that mailing alone constitutes "physical delivery" collapses the statute's plain text and renders "physical" meaningless. Courts must give every word effect. See *State v. Roggenkamp*, 153 Wn.2d 614, 621 (2005); *Hamazaspyan v. Holder*, 590 F.3d 744, 749 (9th Cir. 2009). According to *Black's Law*

8

MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

*Dictionary* (12th ed. 2024):

- **Physical**: "Of, relating to, or involving material things; pertaining to real, tangible objects."

- **Delivery**: "The formal act of voluntarily transferring something... esp. to a particular person or place."

These definitions confirm that "physical delivery" means an actual handoff or the recipient's ability to take possession—not mere mailing. Washington law uses the phrase in exactly this sense. See, e.g., WAC 284-30-580(2) (physical delivery of insurance policies); RCW 46.70.180(12)(c) (physical delivery of license plates); RCW 21.30.010(10) (commodity contracts defined by whether physical delivery occurs). In all cases, "physical delivery" refers to tangible transfer, not symbolic mailing.

### c. The Legislature Knows How to Say "Mailing"

Finally, the Legislature's drafting choices confirm the distinction. RCW 61.24.050(1) requires "physical delivery" to convey title. In contrast, subsections (2)–(4) repeatedly use "mailing" to effectuate a rescission of sale. Likewise, RCW 61.24.040(1) requires that notice of sale be mailed. When different words are used in the same statute, courts presume they carry different meanings. *See Nken*, 556 U.S. at 430. Equating "physical delivery" with mailing would erase this deliberate distinction and nullify the 2012 amendment.

### D. Mr. Rosenthal Faces Irreparable Harm and the Balance of Equities Favors a Stay

#### 1. Irreparable Harm

The Ninth Circuit has recognized that the loss of a home, especially a primary residence, constitutes irreparable harm that justifies injunctive relief and cannot be remedied through money damages. *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1159 (9th Cir. 2011)("the loss of housing constitutes

9

MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

irreparable injury"). Other district courts have followed suit, finding irreparable harm where foreclosure would result in displacement or the permanent divestment of property rights. *See e.g.Kilgore v. Wells Fargo Home Mortg.*, 2012 U.S. Dist. LEXIS 82066, at *11 (E.D. Cal. June 13, 2012) (granting TRO to stop foreclosure sale where borrower alleged improper notice under California law; court found likelihood of success and irreparable harm from loss of home); *Lewis v. U.S. Bank Nat'l Ass'n*, No. 16-cv-01290, 2016 U.S. Dist. LEXIS 134898, at *8–9 (N.D. Cal. Sept. 28, 2016)* (granting TRO where borrower raised serious questions about validity of loan assignments and trustee substitution; court held balance of hardships tipped in borrower's favor due to risk of losing home); *Meyers v. Freedom Mortg. Corp.*, No. 2:24-cv-01529, 2024 U.S. Dist. LEXIS 61542, at *17–18 (C.D. Cal. Apr. 3, 2024)* (granting TRO to enjoin foreclosure where plaintiffs faced loss of primary residence and raised serious statutory questions under California foreclosure law and Unfair Competition Law). The same conclusion applies here. Without a stay, the trustee's deed may be recorded, permanently divesting Mr. Rosenthal of title and mooting his appeal. That harm is not only severe, but likely irreversible.

The bankruptcy court acknowledged that Mr. Rosenthal stood to lose his home but discounted that harm based on the surplus funds he would receive from the foreclosure sale. This was a legal error. Courts have routinely held that dispossession of one's home is a uniquely irreparable injury, regardless of any surplus equity or financial safety net. The court also overlooked the risk that the trustee's deed would be recorded before appellate review could occur—potentially mooting the appeal entirely. See *In re Porrett*, No. 15-20620, 2016 Bankr. LEXIS 1834, at *16–18 (Bankr. D. Idaho Apr. 25, 2016) (granting stay pending appeal where debtor raised serious legal question and faced irreparable harm from foreclosure); *Victor Valley Family Res. Ctr. v. City of Hesperia*, No. ED CV 16-00903, 2016 U.S. Dist. LEXIS 92609, at *22–24 (C.D. Cal. July 1, 2016)

10

MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

(preliminary injunction granted to prevent displacement of low-income residents due to risk of irreparable harm and loss of legal claims).

### 2. Balance of the Equities

The bankruptcy court not only erred in its treatment of irreparable harm—it also misapplied the law when evaluating the balance of equities. Instead of weighing the comparative hardship to each party from granting or denying a stay, the court placed undue weight on Mr. Rosenthal's past conduct and financial position, asserting that he had "caused his own hardship" and that he would not be "wiped out" due to the surplus proceeds from the foreclosure sale. That reasoning was legally misplaced and analytically incomplete.

The balance of equities inquiry is not a vehicle for assessing fault or assigning moral blame. Ninth Circuit precedent makes clear that the relevant inquiry is whether the party seeking relief will suffer a greater hardship from the denial of a stay than the non-movant will suffer from its issuance. *Alliance for the Wild Rockies*, 632 F.3d at 1137. District courts consistently apply this principle in the foreclosure context, recognizing that the risk of losing one's home and mooting of an appeal outweighs delay-based harms to the purchaser. See *In re Porrett*, 2016 Bankr. LEXIS 1834, at *18 (stay appropriate where debtors risked losing home and purchaser's harm was limited to delay); *Victor Valley Family Res. Ctr.*, 2016 U.S. Dist. LEXIS 92609, at *22–24 (C.D. Cal. July 1, 2016) (balance of hardships favored plaintiffs where threatened displacement outweighed city's speculative harm from injunction).

Here, Buda Hill purchased the property at a foreclosure auction held just before Mr. Rosenthal filed for bankruptcy, but before the trustee's deed was delivered or recorded. The purchaser thus took its interest subject to the legal uncertainties that followed, including whether title had validly transferred under Washington law. Any harm Buda Hill now claims is limited to a delay in realizing a contested investment, not

11

MOTION FOR STAY  
PENDING APPEAL

DEVLIN LAW FIRM  
1526 GILPIN AVENUE  
WILMINGTON, DE 19806  
TEL: (302) 449-9010

the loss of a vested right. Courts routinely hold that such risks are inherent in speculative property acquisitions. See *Park v. Wachovia Mortg., FSB*, 2010 U.S. Dist. LEXIS 129762, at *9–10 (S.D. Cal. Dec. 7, 2010) (lost rental income and credit harm from foreclosure on investment property do not justify injunctive relief); *Rhodes v. Wells Fargo Home Mortg., Inc.*, No. 09-CV-1042 W (CAB), 2009 U.S. Dist. LEXIS 135923, at *5–6 (S.D. Cal. June 3, 2009) (denying TRO to investor facing foreclosure on rental property); *Banayan v. Wolf*, 2016 U.S. Dist. LEXIS 190176, at *7–8 (S.D. Cal. Jan. 12, 2016) (noting that foreclosure may moot a debtor's appeal and that delay to the purchaser is not decisive where property rights and due process are at stake); *Cf. Gerber-Williams v. Aurora Loan Servs.*, 2011 U.S. Dist. LEXIS 62563, at *6 (W.D. Wash. June 13, 2011) (denying TRO to investor facing foreclosure on rental property; court held that economic loss did not constitute irreparable harm).

In contrast, Mr. Rosenthal faces the permanent loss of his home, the mooting of his appeal, and irreversible divestment of title. By comparison, Buda Hill faces only a delay in realizing a contested investment opportunity—precisely the kind of harm courts have found insufficient to outweigh the threatened loss of housing and due process. *See Park*, *Rhodes*, *Banayan, Gerber-Williams*, *supra*. While those cases address irreparable harm, they also demonstrate how courts weigh investor losses less heavily when balancing equities, particularly where the purchaser knew of legal uncertainty and the title remains unresolved. Moreover, the purchaser's role as a 1031 exchange investor further confirms that its interest is entirely financial. The sale proceeds were directed to a qualified intermediary to facilitate a tax-deferred reinvestment, not to finance immediate occupancy or personal need.[1] Courts routinely discount investor hardship in these

---

[1] *See* Second Declaration of Weiqing Wang ¶ 6, ECF No. 103 (explaining that the proceeds from the foreclosure sale were transferred into a 1031 exchange account and identifying Buddha Hill as an investor using the property for reinvestment purposes).

12

MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

1  circumstances, recognizing that delay in realizing speculative gains does not outweigh the
2  risk of losing a home and the opportunity for appellate review. The equities here are not
3  close: they favor preserving the status quo and ensuring the possibility of appellate
4  review.

### E. Public Interest

The bankruptcy court erred in treating the public interest factor as "neutral," focusing narrowly on the efficient administration of foreclosure sales and the statutory preference for expedient title transfer. But courts have consistently recognized that the public interest includes ensuring that statutory requirements are correctly interpreted and that homeowners are not permanently divested of property before courts can review unsettled legal questions.

The public interest favors granting a stay to preserve meaningful appellate review and prevent irreversible harm pending resolution of a novel legal issue. As the bankruptcy court recognized in *In re Porrett*, "[u]nquestionably, the public has an interest in the speedy and efficient administration of bankruptcy cases and in prompt payments to creditors." But it also emphasized that "the public also has an interest in allowing the legal system to reach the correct decision without imposing harmful or punitive results on either party." 2016 Bankr. LEXIS 1834, at *6 (Bankr. D. Idaho Apr. 25, 2016). That concern is central here: without a stay, the trustee's deed will likely be recorded before appellate review occurs, resulting in the permanent loss of Mr. Rosenthal's home and mooting his appeal.

Washington courts have repeatedly emphasized that strict statutory compliance with the Deeds of Trust Act is essential, precisely because nonjudicial foreclosure occurs without court oversight. In *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 569 (2012), the Washington Supreme Court voided a trustee's sale where the statutory timeline was not followed, holding that even minor deviations from statutory

13

MOTION FOR STAY  
PENDING APPEAL

DEVLIN LAW FIRM  
1526 GILPIN AVENUE  
WILMINGTON, DE 19806  
TEL: (302) 449-9010

1  requirements were not excused by equitable arguments. Likewise, in *Klem v. Wash. Mut.*
2  *Bank*, 176 Wn.2d 771, 789–90 (2012), the court stressed that the foreclosure trustee must
3  comply with the statute's plain terms and act impartially throughout the process.
4      While those cases involved errors in the sale procedure itself, the principle they
5  articulate applies equally here: when the Legislature mandates a specific condition—like
6  "physical delivery" of a trustee's deed to complete a sale—courts must enforce that
7  condition strictly, specially where compliance determines whether title lawfully
8  transferred.
9      Other courts have agreed that the public interest weighs heavily in favor of
10 preserving appellate review in foreclosure disputes. In *McMahon v. JPMorgan Chase*
11 *Bank, N.A.*, the district court granted an injunction halting foreclosure, explaining that
12 "[f]oreclosures reap significant social costs" and that "the public benefits by ensuring that
13 a foreclosure sale occurs only after lenders have complied with all regulations that protect
14 the public from wrongful foreclosures." 2023 U.S. Dist. LEXIS 206568, at *9–10 (N.D.
15 Cal. Nov. 17, 2023). Similarly, in *Kilgore v. Wells Fargo Home Mortg.*, 2012 U.S. Dist.
16 LEXIS 82066, at *5 (E.D. Cal. June 13, 2012), the court held that enjoining a sale where
17 legal claims were unresolved served the public interest by preserving housing stability
18 and due process.
19     Likewise, in *C.P. v. Blue Cross Blue Shield of Ill.*, the Western District of
20 Washington granted a stay pending appeal after judgment in favor of the plaintiffs,
21 finding that "[t]he most important public interest is to resolve the difficult issues raised
22 by this case." 2024 U.S. Dist. LEXIS 11231, at *6 (W.D. Wash. Jan. 22, 2024). The
23 reasoning applies with equal or greater force here, where the question involves a statutory
24 term that has never been addressed by a Washington appellate court and whose resolution
25 determines whether a debtor's home is lost.
26     Finally, no compelling public interest supports denying a stay in this case. The
27

14

purchaser, Buda Hill, LLC, is a commercial investor who took its interest subject to known legal uncertainty. That uncertainty is not speculative, it is expressly recognized in Washington law. Under RCW 61.24.050(2), a foreclosure trustee, beneficiary, or their agent may rescind a completed sale and void the trustee's deed for up to eleven days following the sale, including for reasons such as procedural error, an erroneous bid, or even post-sale loan reinstatement. Here, the error was the procedural irregularity of the bankruptcy filing that prevented the title from transferring and the sale from completing.

Because the statute itself delays finality and grants the trustee discretion, purchasers assume the risk that legal title may not vest immediately. Buda Hill's harm, at most, is a delay in realizing a speculative investment. By contrast, Mr. Rosenthal faces the permanent loss of his home, the mooting of his appeal, and an irreversible transfer of title. The public interest strongly favors maintaining the status quo until the statutory meaning of "physical delivery" under RCW 61.24.050(1) is clarified on appeal.

### F. Bond Requirement: The existing $43,000 Security Is More than Adequate

Federal Rule of Bankruptcy Procedure 8007(b)(1)(B) authorizes the Court to approve "a bond or other security" to obtain a stay pending appeal. Following the 2018 amendments to Rule 8007, there is no presumption in favor of a full supersedeas bond. Courts now look to the principles underlying Rule 62(d), which recognize that a bond may be reduced or waived when the appellee's risk is purely economic and adequately protected. See *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (bond may be reduced where risk is fully secured by existing collateral); *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796–97 (7th Cir. 1986) (allowing alternate security when a full bond would burden the estate or other creditors).

Here, the $43,000 bond posted in support of the preliminary injunction is

15

MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

1  Rosenthal's best efforts and should be converted into a stay bond under Rule 8007. Mr.
2  Rosenthal has maintained taxes and insurance on the property, and he stands ready to
3  resolve any outstanding mortgage obligations should the foreclosure sale be found void.
4  Meanwhile, the purchasers face no ongoing carrying costs. The original foreclosure bid
5  of $915,100 was funded by a short-term loan from Eastside Funding, but that loan has
6  now been paid off. *See* JNOD, Ex. 4, Second Decl. of Chunguo Wang ¶¶ 4, 7.
7        The property at issue is valued at approximately $1.35 million—more than
8  $400,000 above the bid price. That substantial equity cushion fully protects any residual
9  financial interest the purchasers may claim, and this is an appreciating asset. Further,
10 Buda Hill is not a residential owner facing hardship. It is an investor who purchased at
11 least two other properties in October 2024, shortly after Rosenthal's foreclosure sale. *See*
12 Ex. 15, Hrg. Feb. 19, 2025 Tr., 93:24-94:5, 9510-25, 108:21-24, 112:20-113:12. This was
13 an investment transaction, and any claimed harm from delay is purely financial and
14 speculative.

### V. CONCLUSION

16       This case raises a serious legal question of first impression under Washington
17 law: whether mailing a trustee's deed constitutes "physical delivery" sufficient to transfer
18 title under RCW 61.24.050(1). Although the Bankruptcy Court acknowledged the issue's
19 difficulty, it misapplied the stay standard by demanding a likelihood of success and
20 minimizing the statutory ambiguity, while giving inadequate weight to the irreversible
21 harm of losing a home and the public interest in preserving appellate review. Mr.
22 Rosenthal has made a clear showing of entitlement to a stay: he has raised a substantial
23 legal question, demonstrated irreparable harm, and posted a bond to protect the
24 purchaser's interests. The equities and public interest favor preserving the status quo
25 while the District Court determines whether the title lawfully transferred before the
26 bankruptcy filing. Denying a stay would moot a live appeal and allow a speculative

16

MOTION FOR STAY  
PENDING APPEAL

DEVLIN LAW FIRM  
1526 GILPIN AVENUE  
WILMINGTON, DE 19806  
TEL: (302) 449-9010

investor to record a deed while the legal basis remains unresolved. Accordingly, Mr. Rosenthal respectfully requests that the Court grant an emergency stay pending appeal and extend the preliminary injunction prohibiting recordation of the trustee's deed until the appeal is resolved.

"I certify that this memorandum contains 5,175 words, in compliance with the FRBP 8013(f)(3)(A).

Dated: May 7, 2025.

By: /s/ Christina L. Henry
Christina L. Henry, WSBA #31273
chenry@devlinlawfirm.com
DEVLIN LAW FIRM LLC
6100 219th St. SW, Ste. 480
PMB 398
Mountlake Terrace, WA 98043-2222
Tel: (206) 319-0077

17

MOTION FOR STAY
PENDING APPEAL

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010