UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>GARY ROSENTHAL,<br><br>Debtor. | CASE NO. 2:25-cv-00828-JNW<br><br>Bankruptcy No. 25-1010-CMA<br><br>ORDER GRANTING STAY PENDING APPEAL |
| GARY ROSENTHAL,<br><br>Plaintiff/Appellant,<br><br>v.<br><br>NEWREZ LLC; BUDA HILL LLC; EASTSIDE FUNDING LLC,<br><br>Defendants/Appellees. | |

## 1. INTRODUCTION

This matter comes before the Court on Appellant Gary Rosenthal's Motion to Stay Pending Appeal. Dkt. No. 4. Having reviewed the parties' briefing, the record, and the law, the Court GRANTS the motion for the reasons explained below.

## 2. BACKGROUND

The material facts of this case are undisputed. *See* Dkt. Nos. 4, 10.

ORDER GRANTING STAY PENDING APPEAL - 1

For over fifteen years, Appellant Gary Rosenthal has lived in his home at 20228 23rd Place NW, Shoreline, Washington (the "Property"). Dkt. No. 5 ¶ 1. On September 20, 2024, after Rosenthal fell behind on his mortgage payments, Quality Loan Service Corporation ("Quality"), the trustee for the deed of trust recorded on the Property, held a non-judicial foreclosure sale. Dkt. No. 6-1 at 3.

Appellees Buda Hill, LLC and Eastside Funding, LLC, both real-estate investment entities, won the auction with a bid of $915,100, which was approximately 68% of the Property's fair-market value of $1,350,000, as determined by an independent appraiser. *See* Dkt. Nos. 6-2 at 4–5; 6-4 at 2–3; 6-15 at 91–98.

On September 24, 2024, Quality executed a trustee's deed upon sale (the "Deed"), purporting to convey title to the Property to Buda Hill and Eastside Funding. Dkt. No. 6-1 at 3. The same day, at or around 1:51 p.m. (PST), Quality mailed the Deed to Eastside Funding. *Id.* at 3–4.

About one hour later, at 2:56 p.m. (PST), Rosenthal filed for Chapter 13 bankruptcy. Dkt. Nos. 4 at 3; 6-1 at 4; *see* Bk. Case No. 24-12397-CMA. This triggered an automatic stay under 11 U.S.C. § 362(a), preventing creditors and other entities from taking action to collect debts or to obtain possession or exercise control over property of the bankruptcy estate. At that time, the Deed had not yet been delivered or recorded, as Eastside Funding received it in the mail the next day. Dkt. No. 6-3 at 3.

As of that time, Quality held the $915,100 in sale proceeds. Dkt. No. 6-1 at 4, 25. On October 25, 2024, Appellee NewRez, Inc. d/b/a Shellpoint Mortgage, LLC ("Shellpoint"), the servicer of Rosenthal's mortgage loan, demanded that Quality

release the amount owed to Shellpoint—$363,188.65—which Quality promptly did. Dkt. No. 6-1 at 4. The remaining surplus of $551,911.35 remains in Quality's possession—those funds are owed to Rosenthal's bankruptcy estate, assuming the foreclosure sale goes forward. *Id.*

On December 27, 2024, Buda Hill moved in bankruptcy court for relief from the automatic stay preventing the transfer of the Property. Bk. Case No. 24-12397-CMA, Dkt. No. 37; *see* 11 U.S.C. § 362(d)(1)–(2) (entitling "party in interest" to relief from stay "for cause" or where "the debtor does not have an equity in such property" and "such property is not necessary to an effective reorganization"). Buda Hill argued that the Property was not part of the bankruptcy estate because "[t]he prepetition trustee's sale was completed when the Trustee's Deed was deposited prepetition in the mail by Quality to Eastside Funding." Bk. Case No. 24-12397-CMA, Dkt. No. 37 at 3. On January 27, 2025, the bankruptcy court granted relief from the stay, but declined to waive the automatic 14-day stay on the order granting relief from the stay. Bk. Case No. 24-12397-CMA, Dkt. No. 58; *see* Fed. R. Bankr. P. 4001(a)(4).

Rosenthal then filed an adversary proceeding, arguing that "[u]nder RCW 61.24.050(1), title to a foreclosed property does not transfer until the Trustee's Deed is physically delivered to the purchaser"—and "physical delivery" requires more than mere mailing. Bk. Case No. 25-01010-CMA, Dkt. No. 1 at 5. Thus, according to Rosenthal, the foreclosure sale was defective and "the Property remained part of the bankruptcy estate under 11 U.S.C. § 541." *Id.*

The bankruptcy court initially granted a temporary restraining order (TRO) and preliminary injunction (PI) barring recordation of the Deed, but ultimately granted summary judgment to Appellees on April 18, 2025, concluding that "physical delivery" occurs upon mailing and, therefore, the Property did not belong to Rosenthal's bankruptcy estate. *See* Bk. Case No. 25-01010-CMA, Dkt. Nos. 26 (TRO), 41 (PI), 75 (first PI extension) 76 (summary-judgment order), 78 (final judgment). On May 5, 2025, the bankruptcy court denied Rosenthal's motion for a stay pending appeal but extended the preliminary injunction until May 14, 2025, to allow this Court to consider the stay request. Bk. Case No. 25-01010-CMA, Dkt. Nos. 105 (denial of stay), 106 (second PI extension).

### 3.  DISCUSSION

**3.1  Legal standard.**

Rule 8007 of the Federal Rules of Bankruptcy Procedure governs requests to stay bankruptcy court judgments pending appeal and to suspend, modify, restore, or grant an injunction pending appeal. Fed. R. Bankr. P. 8007(a). Ordinarily, a party seeking such relief must *first* move in the bankruptcy court, but then, if denied, may file in the court where the appeal is pending. Fed. R. Bankr. P. 8007(b).

The standard for evaluating stays pending appeal parallels the standard used for deciding whether to grant a preliminary injunction. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). This standard requires the moving party to show "'(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his

favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)) (numbering added); *see All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) ("a showing on all four prongs" is required). The first two factors are the most critical. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

The Ninth Circuit takes a "sliding scale" approach to preliminary injunctive relief, under which "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiffs can support issuance of a preliminary injunction, so long as the plaintiffs also show that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (cleaned up). In other words, "serious questions going to the merits" of an appeal may be sufficient to award a stay pending appeal, even if the appeal is less than likely to prevail. This sliding-scale approach allows a stronger showing of one *Winter* factor to offset a weaker showing of another. *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, Kentucky v. Labrador*, 122 F.4th 825, 843–44 (9th Cir. 2024).

Where, as here, a bankruptcy judge has denied a motion to stay pending appeal, "[i]t is a subject of dispute whether the bankruptcy judge's determination will be reviewed for an abuse of discretion or de novo." 10A Collier on Bankruptcy P 8007.08 (16th 2025). The Ninth Circuit has not clarified the applicable standard of appellate review. But upon review of relevant precedent, the Court finds that "[w]hen the bankruptcy court denies the motion [to stay pending appeal], the appellate court *typically* reviews that denial for abuse of discretion." *In re*

*Greenberg*, 622 B.R. 60, 63 (S.D. Cal. 2020) (emphasis added) (citing *In re Wymer*, 5 B.R. 802, 807 (B.A.P. 9th Cir. 1980)); *see also, e.g.*, *In re North Plaza, LLC*, 395 B.R. 113, 119 (S.D. Cal. 2008) ("Where the bankruptcy court has already denied a stay ... the appellate court's review is limited to a simple determination of whether the bankruptcy court abused its discretion.").

This Court need not resolve the open legal question about the appropriate standard of review because even assuming the more deferential abuse-of-discretion standard applies, the Court finds that Rosenthal prevails. As such, the Court follows customary practice among district courts in the Ninth Circuit and reviews the bankruptcy court's decision denying Rosenthal's motion to stay pending appeal for abuse of discretion. This standard "encompasses a *de novo* review of the law and a clearly erroneous review of the facts with respect to the underlying issues." *See In re Gens*, No. 17-CV-01001-BLF, 2017 WL 2775042, at *2 (N.D. Cal. June 27, 2017) (quoting *In re North Plaza, LLC*, 395 B.R. at 119).

**3.2     Rosenthal satisfies the procedural requirements of Rule 8007.**

Rosenthal has met the threshold procedural requirements of Rule 8007. He first moved for a stay in the bankruptcy court. *See* Fed. R. Bankr. P. 8007(a). His motion here adequately explains the reasons given for the bankruptcy court's ruling. *See* Dkt. No. 4. It also adequately includes "the reasons for granting the relief requested and the facts relied on" (*see id.*); "affidavits or other sworn statements supporting facts subject to dispute" (*see* Dkt. No. 5); and "relevant parts

of the record" (*see* Dkt. No. 6). *See* Fed. R. Bankr. P. 8007(b). Likewise, all parties have notice of the motion. *See* Dkt. As such, Rule 8007's requirements are met.

**3.3    The Bankruptcy Court abused its discretion by denying a stay pending appeal.**

    **3.3.1    The Bankruptcy Court committed legal error in finding that Rosenthal did not raise serious questions as to the merits of his appeal.**

Rosenthal argues that the bankruptcy court abused its discretion by erroneously "conclud[ing] that a stay cannot be granted absent a near-certain likelihood of appellate success." Dkt. No. 4 at 6. Upon review of the bankruptcy court's ruling and reasoning, the Court disagrees. As Appellees rightly argue, the bankruptcy court correctly articulated the *Nken* factors as construed by the Ninth Circuit and did not misstate the applicable standard. *See* Dkt. No. 10 at 6.

This does not mean, however, that the bankruptcy court did not abuse its discretion when *applying* the standard. In denying Rosenthal's stay request, the bankruptcy court committed legal error by concluding that Rosenthal's appeal does not present serious questions on the merits. The central issue here—whether mailing alone constitutes "physical delivery" under Washington's Deed of Trust Act (DTA), RCW 61.24.050(1)—is a matter of first impression that presents a "serious legal question."

The Washington legislature added the word "physical" to the statute in 2012, and no Washington appellate court has interpreted this provision. This statutory-construction question is substantial, particularly given that the Washington legislature has used the term "physical delivery" in other contexts to "refer[ ] to

tangible transfer, not symbolic mailing." Dkt. No. 4 at 10 (citing statutes). Further, while RCW 61.24.050(1) requires "physical delivery… to the purchaser" to convey title, another subsection of the same statute—also enacted in 2012—uses the term "mailing" instead. *See* RCW 61.24.050(3). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *INS v. Cardoza–Fonseca*, 480 U.S. 421, 432 (1987) (cleaned up); *see* Dkt. No. 4 at 10 ("Equating 'physical delivery' with mailing would erase this deliberate distinction and nullify the 2012 amendment.").

Appellees' arguments to the contrary are unavailing. Their contention that the Washington State Legislature would have used "receipt" instead of "physical delivery" if it meant actual possession is plausible, but equally supports the conclusion that an unresolved question exists. *See* Dkt. No. 10 at 9. Similarly, their argument that purchase rights arise when the trustee accepts a bid does not address the specific timing of title transfer under the statute. *See id.* at 9–10.

The bankruptcy court's conclusion that the meaning of "physical delivery" no longer presents a serious question was incorrect. This Court need not resolve ancillary issues pertaining to the voidability of the Property's sale to make a finding of legal error.

Because Rosenthal has raised a serious, unresolved question of statutory interpretation that could affect his property rights, the first *Winter* factor weighs in favor of granting a stay.

### 3.3.2 Rosenthal satisfies the remaining *Winter* factors, showing that a stay pending appeal is warranted.

As to the second *Winter* factor—likelihood of irreparable harm absent a stay—the bankruptcy court acknowledged, as did Appellees, that Rosenthal will likely lose his home once the PI expires, the summary-judgment ruling goes into effect, and Appellees are free to record the Deed to the Property. But the bankruptcy court nonetheless expressed doubts as to whether the second *Winter* factor was satisfied because Rosenthal, despite losing his home, stands to receive the surplus funds from the foreclosure sale—over a half-million dollars.

As a factual matter, this is correct. But as a legal matter, it is well-established that "the loss of housing constitutes irreparable injury." *Park Village Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011). As Rosenthal argues, irreparable harm generally exists "where foreclosure would result in displacement or the permanent divestment of property rights." Dkt. No. 4 at 11 (citing multiple Ninth Circuit district-court cases granting TROs to enjoin foreclosure sales). Thus, the bankruptcy court committed legal error in minimizing Rosenthal's loss of his long-time home as irreparable harm. The potential availability of surplus funds from the sale does not shift this conclusion, especially given the discrepancy between the sale price and the fair-market value of the home as appraised.

As to the third *Winter* factor—the balance of equities— the bankruptcy court improperly weighed the equities by focusing on Rosenthal's history of missing mortgage payments and speculating about property deterioration rather than

comparing the relative hardships each party would face. The proper inquiry is "whether the party seeking relief will suffer a greater hardship from the denial of a stay than the non-movant will suffer from its issuance." Dkt. No. 4 at 12 (citing *All. for the Wild Rockies*, 632 F.3d at 1137–38). Rosenthal faces the loss of his home. By contrast, Appellees, real-estate investment entities, face only economic harms. The balance of equities thus favors a stay.

Finally, as to the fourth *Winter* factor, the bankruptcy court concluded that the public interest weighs against a stay based on the statutory purposes of the DTA, including the efficiency and affordability of the non-judicial foreclosure process. *See Larson v. Snohomish Cty.*, 499 P.3d 957, 969 (2021). But the public interest also strongly favors resolving novel statutory questions on their merits, especially when they involve property rights. *C.P. v. Blue Cross Blue Shield of Ill.*, No. 3:20-CV-06145-RJB, 2024 WL 532400, at *2 (W.D. Wash. Jan. 22, 2024). If the stay is denied, the PI is dissolved, and the Deed is recorded, Rosenthal's appeal is mooted, preventing judicial interpretation of the "physical delivery" requirement. This would undermine the public's interest in clearly defined property rights under Washington law. The need to resolve this novel legal issue outweighs the interest in immediately finalizing this particular foreclosure. The fourth *Winter* factor thus supports granting a stay.

In sum, the Court finds that all four *Winter* factors are satisfied, and that the bankruptcy court's legal conclusions to the contrary constitute reversible legal error. A stay pending appeal is warranted.

**3.4   The existing bond is adequate.**

Rosenthal already posted a $43,000 preliminary-injunction bond with the bankruptcy court in favor of Buda Hill and Eastside Funding. *See* Bk. Case No. 25-01010-CMA, Dkt. Nos. 41 (PI), 75 (first PI extension), 106 (second PI extension). The Court must now address whether to condition the stay pending appeal upon the posting of an additional bond or other security, as authorized by Fed. R. Bankr. P. 8007(c).

The 2018 amendments to Rule 8007 eliminated the requirement of a full supersedeas bond in favor of a flexible approach. *See* Fed. R. Bankr. P. 8007 (Committee Notes on Rules—2018 Amendment). "The Court has discretion in determining the sufficiency of the supersedeas bond and the adequacy of the surety." *See In re Roussos*, No. 2:15-BK-21624-ER, 2017 WL 571473, at *7 (Bankr. C.D. Cal. Feb. 10, 2017) (citing *Farmer v. Crocker Nat'l Bank (In re Swift Aire Lines, Inc.)*, 21 B.R. 12, 14 (B.A.P. 9th Cir. 1982)).

Rosenthal argues that "the $43,000 bond posted in support of the preliminary injunction is Rosenthal's best efforts and should be converted into a stay bond under Rule 8007." Dkt. No. 4 at 16–17. He states that he has "maintained taxes and insurance on the [P]roperty" and that the Property's valuation at "more than $400,000 above the bid price" represents a "substantial equity cushion" that "fully protects any residual financial interest the purchasers may claim[.]" *Id.* at 17.

Appellees argue that if the Court grants a stay pending appeal, Rosenthal "should be required to post a bond in favor of Buda Hill for the damages incurred in retiring its obligation to Eastside[.]" Dkt. No. 10 at 13. And they argue that if the

ORDER GRANTING STAY PENDING APPEAL - 11

appeal is unsuccessful, "[t]he Purchasers [not Rosenthal] would… be entitled" to the equity in the Property—therefore, they "would have no recourse" to obtain their damages. *Id.* at 14. On this basis, they request that the Court condition any stay pending appeal on a bond payment of $309,375—and further, that "any stay should be conditioned upon Debtor maintaining the property insurance and paying the property taxes (or that amount should be added to the bond amount and Buda Hill will pay those)." *Id.* at 15.

The Court finds that the existing bond amount is adequate as an appeal bond. Rosenthal, who is subject to active bankruptcy proceedings, attests that the existing bond represents his best effort. Further, he attests that he is maintaining the property, including the payment of taxes and insurance, mitigating the risk that the value of the property will badly deteriorate under Rosenthal's care. And most importantly, the Court is guided by its public-interest and balance-of-equities analysis laid out above. This case should be decided on the merits, and predicating this appeal on the payment of a potentially unaffordable bond amount will risk creating a procedural obstacle that undermines the very purpose of this stay. Thus, the Court will condition the stay pending appeal on Rosenthal's conversion of the $43,000 bond in support of the existing preliminary injunction into a Rule 8007 stay bond of equal amount.

## 4. CONCLUSION

For the reasons stated above, the Court FINDS that the bankruptcy court abused its discretion and committed legal error in concluding that Rosenthal is not entitled to a stay pending appeal under Rule 8007. Accordingly, the Court ORDERS as follows:

(a) The bankruptcy court's summary-judgment order and final judgment are STAYED pending appeal under Fed. R. Bankr. P. 8007. *See* Bk. Case No. 25-01010-CMA, Dkt. Nos. 76, 78.

(b) This stay is conditioned on the conversion of Rosenthal's preliminary-injunction bond into a Rule 8007 appeal bond in favor of Buda Hill and Eastside Funding. The bond amount will remain fixed at $43,000. In accordance with Rule 8007(c), the stay shall take effect once Rosenthal has filed the appeal bond with the bankruptcy court.

(c) Pursuant to this stay pending appeal, Appellees and all persons acting in concert or participation with them are RESTRAINED and ENJOINED from recording the Deed to the Property or otherwise transferring, encumbering, or taking any action that affects title to the Property.

(d) The bankruptcy court's preliminary injunction, which is currently set to expire on May 14, 2025, at 11:59 p.m. is hereby EXTENDED to May 19, 2025, at 5:00 p.m. (PST). *See* Bk. Case No. 25-01010-CMA, Dkt. Nos. 41, 75, 106. This extension will ensure that Appellees remain enjoined from recording, transferring, or encumbering the Property while Rosenthal converts the preliminary-injunction bond into an appeal bond.

It is so ORDERED.

Dated this 14th day of May, 2025.

                                                Jamal N. Whitehead
                                                United States District Judge