1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

*In re*:

GARY ROSENTHAL,

                    Debtor.

GARY ROSENTHAL,

               Plaintiff/Appellant,

    v.

NEWREZ LLC; BUDA HILL LLC;
EASTSIDE FUNDING LLC,

          Defendants/Appellees.

CASE NO. 2:25-cv-00828-JNW

ORDER

This matter comes before the Court on Appellees Buda Hill LLC and Eastside Funding LLC's Motion for Reconsideration. Dkt. No. 16. Appellees ask the Court to reconsider its decision (Dkt. No. 13) to stay the summary judgment order and final judgment of the bankruptcy court (Bk. Case No. 25-01010-CMA, Dkt. Nos. 76, 78) pending this appeal. Having reviewed the parties' briefing, the record, and the law,

1    the Court, being fully informed, FINDS no grounds on which to reconsider its ruling

2    and therefore, for the reasons explained below, DENIES the motion.

3         "Motions for reconsideration are disfavored," LCR 7(h)(1), and "'should not be

4    granted, absent highly unusual circumstances, unless the district court is presented

5    with newly discovered evidence, committed clear error, or if there is an intervening

6    change in the controlling law.'" *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH*

7    *& Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*,

8    179 F.3d 656, 665 (9th Cir.1999)). "Whether… to grant reconsideration is committed

9    to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands*

10   *of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

11        According to Appellees, the Court committed four legal errors that warrant

12   reconsideration. The Court addresses each in turn.

13        First, Appellees argue that the Court erred in finding that the meaning of

14   "physical delivery" under RCW 61.24.050(1) presents a "serious question going to

15   the merits." *See* Dkt. No. 13 at 7–8. They contend that even if, as Rosenthal argues,

16   "physical delivery" occurs at the time of receipt, not mailing, the outcome would be

17   the same: Appellees, as third-party purchasers at the foreclosure sale, would still be

18   entitled to relief from the automatic stay; and therefore, the property would not

19   ultimately remain in Rosenthal's bankruptcy estate. Dkt. No. 16 at 4–5. Rosenthal

20   takes the opposite position, arguing that if "the sale is ultimately found not to have

21   been completed before the bankruptcy filing," then "[his] mortgage loan with

22   NewRez, Inc. will be restored, allowing him to reorganize and keep his house

23   through a reverse mortgage." Dkt. No. 20 at 5.

1

2

3

The Court addressed this issue in its prior order, even if in a cursory fashion. *See* Dkt. No. 13 at 8 ("This Court need not resolve ancillary issues pertaining to the voidability of the Property's sale to make a finding of legal error."). To expand on the subject, the Court finds that Appellees' argument fails because it puts the cart before the horse. The threshold question is whether the foreclosure sale was completed before Rosenthal filed for bankruptcy. Under RCW 61.24.050(1), title passes "[u]pon physical delivery of the trustee's deed to the purchaser[.]" If "physical delivery" requires more than mailing and occurred post-petition, then perhaps no transfer took place before the bankruptcy filing, and the property would remain part of the bankruptcy estate under 11 U.S.C. § 541(a)(1). Thus, Appellees' arguments seeking relief from the automatic stay are secondary considerations that only become ripe after resolving the statutory construction issue and whether any transfer occurred.

The "serious question" standard does not require certainty of ultimate success on all downstream issues—only that the legal question presented be substantial and outcome-determinative. As the Court has noted, the meaning of "physical delivery" appears to be a matter of first impression that could alter what property belonged to the bankruptcy estate when it was created. Accordingly, the Court stands firm in its decision to maintain the status quo to preserve and address the novel legal issue at the heart of this appeal. The Court thus rejects Appellees' contention of legal error as to the first *Winter* factor.

Second, Appellees argue that the Court erred in its analysis of the third *Winter* factor by failing to require a balance of hardship that tips "sharply" in

Rosenthal's favor. *See* Dkt. No. 16 at 6 (explaining the serious-questions standard). While Appellees are correct in their statement of the applicable standard, they are wrong in their assertion that the Court failed to apply it. Concerning the balance of hardships, the Court correctly reasoned that "Rosenthal faces the loss of his home," while "Appellees, real-estate investment entities, face only economic harms." Dkt. No. 13 at 10. The contrast between irreparable personal displacement and purely economic harm to investment entities plainly satisfies the "sharply tips" standard. Reconsideration on this basis is unwarranted.

Third, Appellees argue that the Court erred in its analysis of the fourth *Winter* factor by failing to acknowledge that the public interest identified by the Court—the interest in resolution of statutory questions on the merits—is "already part of the second stated public policy underlying the [Deed of Trusts Act (DTA)]." Dkt. No. 16 at 7. It is unclear how Appellees' premise (i.e., the DTA favors the resolution of issues on their merits) supports their conclusion (i.e., the Court misapplied the fourth *Winter* factor). This argument thus fails.

Fourth and finally, Appellees argue that the Court erred in failing to fashion the stay to protect their interests. They contend that the Court identified no authority to justify converting the $43,000 preliminary injunction bond into an appeals bond and that "converting the preliminary injunction bond to a supersedeas bond will confuse the record and prevent Purchasers from recovering against the bond for damages related to the preliminary injunction." Dkt. No. 16 at 8. They also argue that the Court should require Rosenthal to add Appellees as a loss payee on his insurance policy and that the Court should implement a mechanism allowing

Appellees to seek relief from the Court's stay in the event Rosenthal fails to pay his property taxes or maintain insurance on the property.

These arguments fail. As explained in the Court's prior order, Rule 8007 gives the Court discretionary authority to determine the amount and form of the surety on appeal. Appellees raise no new arguments challenging the Court's conclusion that $43,000 is adequate. Nor do they address the Court's concern that "predicating this appeal on the payment of a potentially unaffordable bond amount will risk creating a procedural obstacle that undermines the very purpose of this stay." *See* Dkt. No. 13 at 12. Further, Appellees' argument that they will be unable to recover against the preliminary injunction bond is misguided. The preliminary injunction expired on May 19, 2025. *See* Dkt. No. 13 at 13. Given Rosenthal's attestation that he is maintaining the property, including payment of taxes and insurance costs, the Court declines to impose additional conditions on its stay. And as Rosenthal points out, if circumstances materially change, Appellees may move to modify the stay.

In sum, Appellees provide no grounds on which to reconsider or modify the Court's stay order. The motion is DENIED. Dkt. No. 16.

Dated this 17th day of June, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 5