The Honorable Jamal N. Whitehead

1
2
3
4
5
6
7
8
9
10
**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
11

12    IN RE:                                      Dist. Ct. Case No. 2:25-cv-00828-JNW

13    Gary Rosenthal                              Bk Case No.  24-12397 - CMA

14                                                Adv. Case No. 25-01010-CMA

15            Debtor.                             WAW internal appeal No. 25-S005

16

17                                                APPELLANT'S OPENING BRIEF
      Gary Rosenthal,                             ON APPEAL
18
                  *Plaintiff,*
19
              v.
20
      NewRez, LLC, d/b/a Shellpoint Mortgage
21    Services, LLC, Buda Hill, LLC, and Eastside
      Funding, LLC,
22
                  *Defendants.*
23
24
25
26
27

# TABLE OF CONTENTS

INTRODUCTION ………………………………………………………..6.

ISSUES PRESENTED …………………………………………………...6.

STATEMENT OF THE CASE …………………………………………..7.

    A.     Overview of the Appeal …………………………………7.

    B.     Factual Background …………………………………………..8.

    C.     Procedural History ……………………………………10.

STANDARD OF REVIEW …………………………………………11.

SUMMARY OF ARGUMENT …………………………………………...11.

LEGAL ARGUMENT ……………………………………………………14.

I.     The Foreclosure Sale Was Void *Ab Initio* Under a Strict Construction of Washington's Deed of Trust Act. …………………………………………14.

    A.     The Deed of Trust Act Demands Strict Compliance with Its Statutory Mandates. …………………………………………………………14.

    B.     A Trustee's Failure to Strictly Comply with the DTA Renders a Foreclosure Sale Void, Not Merely Voidable. ………………………15.

    C.     The Sale Was Void for Failure to Satisfy the DTA's Mandatory Conditions Precedent.……………………………………………….…16.

    D.     Because the Statutory Conditions Failed, the Purchasers Acquired No Interest in the Property. …………………………………………………………..21.

    E.     Appellees' Defenses, Rooted in Outdated Common Law and Misinterpreted Statutes, Must Fail…………………………………25.

    F.     Appellees' Anticipated Defenses Are Legally Untenable.……………………………………………………......25.

II.    The Trustee's Post-Petition Disbursement to NewRez Was a Willful Violation of the Automatic Stay and Is Void………………………………..…………………....30.

    A.     Mr. Rosenthal Retained Full Title to the Property, Which Became Property of the Estate and Preserved His Right to Cure. ……………..31.

1

APPELLANTS' OPENING                DEVLIN LAW FIRM LLC
BRIEF ON APPEAL                   1526 GILPIN AVENUE
                                      WILMINGTON, DE 19806
                                      TEL: (302) 449-9010

1         B.      The Debtor's Right to Cure His Mortgage Default Under 11 U.S.C. § 1322(c)(1)

2               Was Preserved…..…………………………………………..32.

3   III.     The Bankruptcy Court Erred by Accepting Appellees' Defenses, Which Cannot Validate

4   a Void Sale. …………………………………………………………………32.

5         C.      The Waiver Doctrine Does Not Apply to a Jurisdictional Defect That Renders a

6               Sale Void. ……………………………………….................33.

7         D.      Appellees' Reliance on Voidable-Sale Cases Is Misplaced………33.

8         E.      The "Bare Legal Title" Argument is Inapplicable Where a Sale is

            Void………………………………………………………33.

9         F.      *In re Sharp* is Factually and Legally Inapposite……………..…34.

10  IV.     Appellant Is Entitled to Judgment Quieting Title and a Permanent

Injunction…………………………………………………………….…..36.

11        G.      Appellant Is Entitled to an Order Quieting Title in His

12              Name………………………………………………………36.

      H.      Appellant Is Entitled to a Permanent Injunction. …………………37.

13

14  CONCLUSION……………………………………………………….……38.

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

**Cases**

*Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 276 P.3d 1277 (2012)
………………………………………………………………….. *passim*

*Anderson v. Ruberg*, 20 Wn.2d 103, 145 P.2d 890 (1944) ………………..19, 20, 25.

*Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 285 P.3d 34 (2012) ...…..15.

*Butner v. United States*, 440 U.S. 48 (1979) ………………………………31.

*Cascade Trailer Court v. Beeson*, 50 Wn. App. 678, 749 P.2d 761 (1988)..29.

*Cnty. of Imperial Treasurer-Tax Collector v. Stadtmueller (In re RW Meridian LLC)*,

564 B.R. 21 (B.A.P. 9th Cir. 2017) …………………………………..24.

*Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210 (9th Cir. 2002) ……..…..30.

*Frizzell v. Murray*, 179 Wn.2d 301, 313 P.3d 1171 (2013)……………..…..*passim*

*Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Relations*,

730 F.3d 1024 (9th Cir. 2013) ……………………………………...…37.

*In re Bammer*, 131 F.3d 788 (9th Cir. 1997) ………………………....11.

*In re Betchan*, 524 B.R. 830 (Bankr. E.D. Wash. 2015) …………………..23.

*In re Fairbanks*, No. WW-21-1019-FBS, 2021 Bankr. LEXIS 2209 (B.A.P. 9th Cir.
Aug. 12, 2021) …………………………………………………………13, 24.

*In re Lopez*, No. 18-03227-FPC13, 2019 WL 4744911 (Bankr. E.D. Wash. Feb. 6, 2019)
……………………………………………………………………….23.

*In re Nelson*, No. 16-44597, 2017 Bankr. LEXIS 529 (Bankr. W.D. Wash. Feb. 24,
2017) ………………………………………………………………..23, 33.

*In re Pettit*, 217 F.3d 1072 (9th Cir. 2000) ………………………….…..30.

*In re Schwartz*, 954 F.2d 569 (9th Cir. 1992) ………………………21, 30.

*In re Sharp*, 666 B.R. 906 (B.A.P. 9th Cir. 2025) …………………………13, 34.

*In re Smith*, 85 F.3d 1555 (11th Cir. 1996) ………………………..…..32.

3

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

*Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 295 P.3d 1179 (2013)
…..............................................................................................15, 19, 20.

*Kobza v. Tripp*, 105 Wn. App. 90 (2001) …………………………………..36.

*Lamie v. U.S. Tr.*, 540 U.S. 526 (2004) …………………………………….11.

*Larson v. Snohomish County*, 20 Wn. App. 2d 243 (2021) ……………..…..26, 27.

*Leahy v. Quality Loan Serv. Corp.*, 190 Wn. App. 1 (2015) …………………. *passim*

*Merry v. Northwest Trustee Services, Inc.*, 188 Wn. App. 174 (2015) ……….28, 29.

*Miebach v. Colasurdo*, 102 Wn.2d 170 (1984) ………………………………36.

*Park Village Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150 (9th Cir. 2011) …………………………………………………………………….37.

*Plein v. Lackey*, 149 Wn.2d 214 (2003) …………………………………… *passim*

*Schroeder v. Excelsior Mgmt. Grp., LLC*, 177 Wn.2d 94, 297 P.3d 677 (2013)  *passim*

*State v. Evans*, 177 Wn.2d 186, 298 P.3d 724 (2013)…………………………...11.

*State v. Roggenkamp*, 153 Wn.2d 614, 106 P.3d 196 (2005)......…………….....17, 19.

*Ten Bridges, LLC v. Guandai*, 15 Wash. App. 2d 223, 474 P.3d 1060 (2020)……………………………………………………………………..….22.

*Udall v. T.D. Escrow Services, Inc.*, 159 Wn.2d 903, 154 P.3d 882 (2007)……………………………………………… …………….19.

Statutes

11 U.S.C. § 108 …………………………………………………………..21.

11 U.S.C. § 362 ………………………………………………….. *passim*

11 U.S.C. § 541 ………………………………………………….. *passim*

11 U.S.C. § 546 ………………………………………………….....21.

11 U.S.C. § 1322 ………………………………………………… *passim*

RCW 7.28.010 ……………………………………………………… *passim*

RCW 23B.01.400 ……………………………………………………18.

---

4

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

RCW 46.70.180 ……………………………………………………....18.

RCW 61.24.040 …………………………………………………...19.

RCW 61.24.050 ………………………………………………….. *passim*

RCW 61.24.080 ………………………………………………....31.

RCW 61.24.130 …………………………………………………26, 33.

WAC 284-30-580 …………………………………………………18.

Other Authorities

Laws of 2012, ch. 69, § 1……………………………………………18.

Laws of 2023, ch. 297, § 3………………………………………....19.

Federal Rule of Bankruptcy Procedure 4001(a)(4) ……………………..…20.

David A. Leen, *Wrongful Foreclosures in Washington*, 49 Gonz. L. Rev. 331 (2014) ……………………………………………………………………27.

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

## INTRODUCTION

This appeal presents a dispositive question of Washington law that will determine whether a homeowner, Appellant Gary Rosenthal, forfeits over $550,000 in home equity because a foreclosure trustee placed a deed in the mail just one hour before he filed for bankruptcy. The central issue, which the United States District Court has already deemed a "matter of first impression" presenting a "serious question going to the merits," is whether the mere act of mailing a deed constitutes the "physical delivery" required by Washington's Deed of Trust Act ("DTA"), RCW 61.24.050(1), to convey title and extinguish a homeowner's rights.

The Bankruptcy Court answered that question in the affirmative, holding that the foreclosure sale of Appellant Gary Rosenthal's home was complete upon mailing, thereby divesting him of all property rights. This brief will demonstrate that the Bankruptcy Court's ruling was legal error. It conflicts with the statute's language, its protective legislative history, and the strict construction demanded by Washington courts. Because the sale was void *ab initio* under state law at the moment of the bankruptcy filing, the Property remained in the bankruptcy estate, and the judgment of the Bankruptcy Court must be reversed to prevent a catastrophic and unwarranted forfeiture.

## ISSUES PRESENTED

This appeal arises from a summary judgment order in which the Bankruptcy Court held that a nonjudicial foreclosure sale was completed before the Debtor filed for bankruptcy, thereby extinguishing all of his rights in his longtime home. This Court, in granting a stay pending this appeal, has already determined that the central issue presents a "serious question going to the merits" and is a "matter of first impression." *See* Dkt. Nos. 13 at 7 & 22 at 3.

Appellant Gary Rosenthal presents the following issues for review:

1.     Whether the Bankruptcy Court committed legal error by holding that a nonjudicial foreclosure sale was complete pre-petition, where the trustee failed to satisfy the Deed of Trust Act's mandatory condition precedent for conveyance under RCW 61.24.050(1)—

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

the "physical delivery" of the trustee's deed—by incorrectly concluding that mailing the deed was sufficient to transfer title.

2.    Whether the foreclosure sale was independently void *ab initio* because the Debtor's intervening bankruptcy petition rendered it legally impossible for the trustee to satisfy the DTA's second mandatory condition for finality: recording the deed within fifteen days of the auction, a requirement for which no statutory exception to the automatic stay applies

3.    Whether the Bankruptcy Court committed clear legal error by failing to find that the Trustee's post-petition disbursement of over $363,000 in contested sale proceeds to NewRez was a willful violation of the automatic stay under 11 U.S.C. § 362, rendering the transfer void as a matter of law.

4.    Whether, as a consequence of the void sale, the Bankruptcy Court further erred by concluding that the Property was not property of the bankruptcy estate under 11 U.S.C. § 541 and that the Debtor's right to cure his mortgage default under 11 U.S.C. § 1322(c)(1) was extinguished.

5.    Whether the Bankruptcy Court erred by applying the defenses of waiver and equity, contrary to controlling Washington Supreme Court precedent establishing that such defenses are legally inapplicable and cannot validate a foreclosure sale that is jurisdictionally defective and void *ab initio*.

6.    Whether the Bankruptcy Court erred in dismissing the Debtor's claims for quiet title and a permanent injunction, where such relief is required as a matter of law upon a determination that the underlying foreclosure sale was void and the Appellees' claim to title is a legal nullity.

## STATEMENT OF THE CASE

### I.    OVERVIEW OF THE APPEAL

This appeal presents a dispositive question of Washington property law with profound implications for homeowners in bankruptcy: whether mailing a trustee's deed constitutes "physical delivery" sufficient to convey title under the state's Deed of Trust Act (the "DTA"), RCW 61.24.050(1). Appellant Gary Rosenthal, a longtime homeowner, filed for Chapter 13 bankruptcy protection after a nonjudicial foreclosure auction had occurred but before the

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

trustee's deed was physically delivered or recorded. The Bankruptcy Court held that the mere act of placing the deed in the mail pre-petition was sufficient to complete the sale, thereby divesting Mr. Rosenthal of his home.

That ruling is a critical misapplication of the DTA and conflicts with its plain text, legislative history, and the protective principles consistently articulated by the Washington Supreme Court. Under Washington law, nonjudicial foreclosure is a statutory remedy that demands strict compliance with its terms. A sale conducted without the requisite statutory authority is void *ab initio*—a legal nullity. Here, the trustee failed to satisfy the mandatory condition precedent of "physical delivery" pre-petition. The Legislature's deliberate 2012 amendment adding the word "physical" to the statute was intended to create an unambiguous, bright-line rule pinning title transfer to the moment of actual, tangible receipt, not the uncertainties of constructive delivery.

By ignoring this clear mandate, the Bankruptcy Court's ruling not only nullified a key legislative protection for homeowners but also disregarded the direct consequences under federal law. Because the sale was void under state law at the time of the petition, the Property remained Mr. Rosenthal's, became property of the bankruptcy estate under 11 U.S.C. § 541(a), and preserved his right to cure the mortgage default under 11 U.S.C. § 1322(c)(1). Consequently, the post-petition acts by the Appellees to complete the transfer and disburse sale proceeds were violations of the automatic stay and are themselves void.

## II.     FACTUAL BACKGROUND

### A.     Mr. Rosenthal's Personal and Financial Hardship

Gary Rosenthal has owned and resided in his home at 20228 23rd Place NW in Shoreline, Washington, for over 15 years. *See* Decl. of Gary Rosenthal ("Rosenthal Decl."), ER 624 at ¶3. After his parents moved into the home in 2016, he became their primary caregiver, a role that intensified after his father's death in 2019 and his mother's death in late 2023. *Id.* at ¶¶ 2-4. The loss of his mother's contribution to the mortgage, combined with the derailment of his

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

career during the COVID-19 pandemic and what he described as a debilitating "fog" of grief, left him unable to stay current on his loan with Appellee NewRez, LLC ("NewRez"). *Id.* at ¶¶ 3-5, 9.

Mr. Rosenthal also lacked a cell phone and computer and had minimal communication with the foreclosure trustee, Quality Loan Service Corporation ("Trustee"). *Id.* at ¶¶ 8, 9. He did not fully understand his legal options or that the sale was imminent, believing a resolution might be possible once funds from his mother's estate were released from a delayed probate process. *Id.* at ¶¶ 6, 9.

**B.** The Foreclosure Sale and the Intervening Bankruptcy Filing

On May 15, 2024, the Trustee recorded a Notice of Trustee's Sale, scheduling the auction of Mr. Rosenthal's home for September 20, 2024. ER 628 at ¶ 3 & ER 630-634. The auction proceeded as scheduled, and Appellee Buda Hill, LLC ("Buda Hill"), a real estate investment entity, was the high bidder at $915,100. *ER 628* at ¶ 5; *see also* ER 871-72 at 89:23-90:1 & ER 899at 116:16-18.

The events that followed are central to this appeal:

- <u>September 24, 2024, at 1:51 PM</u>: The Trustee executed the Trustee's Deed and placed it in the U.S. Mail, addressed to the Purchasers (Buda Hill and its lender, Appellee Eastside Funding, LLC). ER 628 at ¶¶ 6-7 & ER 635-44, Exs. B, C.

- <u>September 24, 2024, at 2:56 PM:</u> Approximately one hour later, Mr. Rosenthal, having been alerted to the sale by his sister, filed his Chapter 13 bankruptcy petition. ER 625 at ¶ 9.

- <u>September 25, 2024:</u> The Purchasers physically received the Trustee's Deed in the mail—the day *after* the bankruptcy petition was filed. ER 405 at ¶ 5.

At the moment of the bankruptcy filing, the Trustee's Deed had been mailed but had not been physically delivered or recorded. ER 629 at ¶ 8.

**C.** **Post-Petition Acts in Violation of the Automatic Stay**

9

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Despite receiving notice of the bankruptcy filing on September 24, 2024, the Trustee proceeded to disburse the sale proceeds. ER 629 at ¶ 8. Specifically, on October 25, 2024—a full month after the bankruptcy petition was filed and the automatic stay was in effect—the Trustee, at NewRez's demand, transferred $363,188.65 of the sale proceeds to NewRez. ER 629 at ¶ 11 & ER 648-650, Ex. E. The remaining surplus funds of $551,911.35 are currently being held by the Trustee. ER 629 at ¶ 9.

## III.    PROCEDURAL HISTORY

On January 27, 2025, the Bankruptcy Court granted Buda Hill's motion for relief from the automatic stay, concluding that the Purchasers held a "colorable claim to title." ER 229 -30. Mr. Rosenthal then commenced this adversary proceeding (ER 252 – 63) and obtained a temporary restraining order (ER 443 – 45), which was subsequently converted to a preliminary injunction upon his posting of a $43,000 cash bond (ER 544-46 & ER 547-50), enjoining Appellees from recording the deed or otherwise affecting title to the Property.

On April 18, 2025, the Bankruptcy Court granted summary judgment in favor of all Appellees. ER 4-12. The court ruled that the foreclosure sale was completed pre-petition, holding that mailing the Trustee's Deed constituted "physical delivery" under RCW 61.24.050(1). Based on this state-law finding, the court denied all of Mr. Rosenthal's claims for declaratory relief, quiet title, and avoidance of post-petition transfers. *Id.*

Mr. Rosenthal appealed to the District Court and moved for a stay pending appeal. Dkt No. 4. The Bankruptcy Court denied the stay, finding that the statutory interpretation issue was no longer a "serious question" after its summary judgment ruling. ER 1099-1100. On appeal, this Court reversed, finding that the Bankruptcy Court had committed a clear legal error. Dkt. 22. This Court granted the stay, expressly holding that the meaning of "physical delivery" under the DTA is a "matter of first impression" that raises a "serious question going to the merits." *Id.* at 7. The Court further found that the balance of hardships tipped in Mr. Rosenthal's favor, as he faced the irreparable loss of his home while the Appellees, "as real-estate investment entities,

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

face only economic harms." *Id.* at 9-10. The stay remains in effect, preserving the status quo for this Court's review.

## STANDARD OF REVIEW

The Court reviews a bankruptcy court's grant of summary judgment de novo. *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 792 (9th Cir. 1997) (en banc). This includes both the Bankruptcy Court's conclusions of law and its application of state foreclosure statutes.

Questions of statutory interpretation**,** whether under state or federal law, are also reviewed de novo**.** *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004); *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013).

Questions of statutory interpretation, whether under state or federal law, are also reviewed de novo. Whether the Bankruptcy Court correctly determined that title passed prepetition, and whether postpetition actions violated the automatic stay, are purely legal issues appropriate for de novo review.

## SUMMARY OF ARGUMENT

The Bankruptcy Court committed reversible error by fundamentally misinterpreting Washington's Deed of Trust Act (the "DTA") and disregarding controlling precedent. The court's ruling—that a foreclosure sale was complete when the trustee merely mailed a deed hours before the bankruptcy filing—is contrary to the statute's plain text, its protective purpose, and its legislative history. The judgment should be reversed.

### A. The Foreclosure Sale Is Void *Ab Initio* Under Washington Law for Failure to Comply with the Deed of Trust Act's Mandatory Conditions Precedent.

The Washington Supreme Court demands strict compliance with the DTA, holding that a sale conducted without the requisite statutory authority is a legal nullity. *See Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560 (2012). Here, the sale is void for two independent

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

1  and dispositive reasons.

2      First, the sale is void because the trustee failed to satisfy the primary

3  condition precedent for conveying title: the "physical delivery" of the trustee's

4  deed pre-petition, as unambiguously required by RCW 61.24.050(1). The

5  Legislature's 2012 addition of the word "physical" was a substantive change

6  intended to replace vague common-law concepts of constructive delivery with a

7  bright-line, tangible standard. To interpret "physical delivery" as being satisfied

8  by mere mailing renders the word "physical" superfluous and ignores the

9  Legislature's deliberate choice of language, particularly where it authorized

10 "mailing" in other parts of the same statute.

11     Second, the sale is independently void because the trustee failed to satisfy

12 the DTA's second mandatory condition for finality. Under RCW 61.24.050(1), a

13 sale is only deemed "final" as of the auction date if the trustee's deed is recorded

14 within fifteen days. This condition was rendered legally impossible by Mr.

15 Rosenthal's intervening bankruptcy filing. The automatic stay, 11 U.S.C. § 362(a),

16 prohibited the post-petition recording of the deed, and no statutory exception to

17 the stay applies. Because this essential statutory requirement for finality could not

18 be met, the sale was never finalized under Washington law.

19     **B.    Because the Sale Was Void, Federal Law Dictates that the Property
            Remained in the Estate, Preserving the Debtor's Right to Cure and**
20          **Rendering Post-Petition Transfers Void.**

21     The state-law voidness of the sale has direct consequences under the Bankruptcy Code.

22 The Property remained fully in Mr. Rosenthal's ownership at the moment of his bankruptcy

23 filing and therefore became property of the estate under 11 U.S.C. § 541(a), with full legal and

24 equitable title, not merely "bare legal title."

25     Consequently, his statutory right to cure the mortgage default was preserved under 11

26 U.S.C. § 1322(c)(1), which permits a cure until a residence is sold "in accordance with

27

APPELLANTS' OPENING                          DEVLIN LAW FIRM LLC
BRIEF ON APPEAL                              1526 GILPIN AVENUE
                                            WILMINGTON, DE 19806
                                            TEL: (302) 449-9010

applicable nonbankruptcy law." Since the sale was not completed in accordance with the DTA, that right remains intact. Even if the court finds that 11 U.S.C. § 1322(c)(1) is not applicable because the court finds that a foreclosure auction happened, the Rosenthal will still be able to propose a feasible plan through a refinance with a reverse mortgage, which is his intention. *See* Dkt No. 5 at ¶9; *Fairbanks,* 2021 Bankr. LEXIS at *17 (Aside from a cure and maintenance plan, Chapter 13 allows a debtor to propose a plan to payoff a secured claim by way of a new refinancing loan that provides for a sale of the property).

Furthermore, the Appellees' post-petition acts to finalize the transfer, including the disbursement of over $363,000 in sale proceeds, were clear violations of the automatic stay and are void under 11 U.S.C. § 362. *See* infra §III.

### C. Appellees' Anticipated Defenses Are Legally Untenable and Cannot Validate a Void Sale.

The Bankruptcy Court erred by accepting Appellees' defenses of waiver and equity. Controlling Washington Supreme Court precedent establishes that a borrower's failure to seek a pre-sale injunction does not waive a challenge to a sale that is *void ab initio. See Schroeder v. Excelsior Mgmt. Grp., LLC*, 177 Wn.2d 94 (2013). Likewise, equitable considerations cannot fix an invalid sale caused by a lack of statutory authority. *See Albice*, 174 Wn.2d at 568. Finally, Appellees' reliance on *In re Sharp* is misplaced, as that case involved a judicial foreclosure under a different statutory scheme and is wholly inapplicable here.

Finally, Appellees' reliance on *In re Sharp* is misplaced, as that case involved a judicial foreclosure under a different statutory scheme and is wholly inapplicable here.

### D. As a Consequence of the Void Sale, Mr. Rosenthal is Entitled to Judgment Quieting Title and a Permanent Injunction.

The Bankruptcy Court's dismissal of Mr. Rosenthal's claims for quiet title and a permanent injunction was based solely on its erroneous conclusion on the merits. Because the foreclosure sale was void, Mr. Rosenthal is entitled to both remedies as a matter of law.

An order quieting title is proper under RCW 7.28.010 because the void sale was a legal

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

nullity that did not disturb Mr. Rosenthal's pre-existing fee simple ownership. He succeeds on the strength of his own undisturbed title, not on the weakness of the Appellees' claim, which is based on a void deed that conveyed no interest.

Similarly, a permanent injunction is warranted because Mr. Rosenthal meets all four requirements: (1) he has succeeded on the merits; (2) the loss of his home constitutes irreparable injury; (3) the balance of hardships overwhelmingly favors him over the commercial Appellees, who face only economic harm; and (4) the public interest is served by enforcing strict compliance with the DTA. The Bankruptcy Court's contrary conclusion was legal error and must be reversed.

## LEGAL ARGUMENT

### I. THE FORECLOSURE SALE WAS VOID AB INITIO UNDER A STRICT CONSTRUCTION OF WASHINGTON'S DEED OF TRUST ACT.

#### A. The Deed of Trust Act Demands Strict Compliance with Its Statutory Mandates.

Washington law is unequivocally clear: the power to foreclose nonjudicially is a statutory privilege that exists only upon the condition of strict, unwavering adherence to the DTA's requirements. Because nonjudicial foreclosure lacks the inherent safeguards of judicial oversight, the Washington Supreme Court has repeatedly held that "strict compliance with the statutory requirements is necessary for a trustee to have the authority to conduct a nonjudicial foreclosure sale." *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn. 2d 560, 567, 276 P.3d 1277 (2012).

This doctrine of strict construction is a foundational principle of Washington foreclosure law, born from the recognition that the DTA "supplants the judicial foreclosure process" and its inherent protections. *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 93, 285 P.3d 34 (2012). In *Bain*, the court invalidated a foreclosure initiated by MERS because MERS did not meet the statutory definition of a "beneficiary." In doing so, the court affirmed that the DTA's terms must be given their precise legal meaning and that parties cannot rely on industry custom or

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

convenience to bypass its clear mandates. *Id.* at 104-07. This rigorous enforcement ensures that the DTA's three objectives—an efficient process, adequate opportunity for borrowers to prevent wrongful foreclosure, and stability of land titles—are properly balanced, with homeowner protection being paramount. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 787, 295 P.3d 1179 (2013).

### B.    A Trustee's Failure to Strictly Comply with the DTA Renders a Foreclosure Sale Void, Not Merely Voidable.

When a trustee acts without statutory authority, the resulting sale is not merely voidable—subject to being affirmed or disaffirmed—but is void *ab initio*. A void act is a legal nullity from its inception. It is incurable and has no legal effect. *See Albice*, 174 Wn.2d at 568. Consequently, a void foreclosure sale passes no title to the purchaser, regardless of the purchaser's good faith or the price paid.

The distinction is critical. A voidable sale may be ratified by a party's inaction, but a void sale can be challenged at any time, as it never legally occurred. The Washington Supreme Court confirmed this in *Schroeder* , where it voided a sale of protected agricultural land conducted in violation of a DTA prohibition, even though the sale had already been completed. 177 Wn.2d at 177, 297 P.3d 677. There, the court held in *Schroeder* that a sale conducted without statutory power cannot be validated by equitable defenses or waived by the borrower's inaction. 177 Wn.2d at 107. Because the failure to physically deliver the trustee's deed pre-petition is a failure to meet a mandatory statutory condition for conveyance under RCW 61.24.050(1), the trustee lacked the authority to complete the sale. The purported sale was therefore void.

### C.    The Sale Was Void for Failure to Satisfy the DTA's Mandatory Conditions Precedent.

The plain language of RCW 61.24.050(1) establishes the precise moment of conveyance: "Upon physical delivery of the trustee's deed to the purchaser." This is a mandatory condition precedent to the transfer of title, not a mere ministerial formality. It is

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

undisputed that physical delivery did not occur before Mr. Rosenthal filed his bankruptcy petition. The trustee's agent mailed the deed on September 24, 2024, but the Purchasers did not receive it until September 25, 2024—the day after the petition was filed. The Bankruptcy Court's conclusion that mailing constitutes "physical delivery" is contrary to statutory text, canons of construction, legislative intent, and consistent bankruptcy court precedent in this District and across Washington.

**1.   The First Condition Failed: The Trustee Did Not "Physically Deliver" the Deed Pre-Petition.**

The Bankruptcy Court's ruling rests on the central error of equating the act of mailing with "physical delivery." This conclusion is contrary to the DTA's plain text, established canons of statutory construction, and clear evidence of legislative intent.

**a.   The DTA's Plain Language and Statutory Context Mandate an Interpretation of "Physical Delivery" as Requiring Actual Receipt.**

An analysis of the statute's specific words, its internal structure, and its contrast with other Washington statutes confirms that "physical delivery" requires actual, tangible transfer and that the Bankruptcy Court's contrary conclusion was legal error.

*(i)   The Plain Meaning of "Physical" Cannot Be Rendered Superfluous.*

The Bankruptcy Court's ruling violates the most fundamental canon of statutory *construction: that every word must be given effect*; to read "physical delivery" as being satisfied by mere mailing would render the word "physical" entirely superfluous. *See State v. Roggenkamp,* 153 Wn.2d 614, 622, 106 P.3d 196 (2005)(instructing that statutes must be construed to give effect to all language, ensuring that no word is rendered meaningless or superfluous). Prior to the Legislature's 2012 amendment, the statute required only "delivery." The Legislature's deliberate addition of the word "physical" must be given independent significance. To hold that mailing still suffices is to treat the 2012 amendment as a nullity.

*(ii)   The DTA itself distinguishes physical delivery from*

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

*mailing.*

The most compelling evidence of legislative intent comes from within RCW 61.24.050 itself. In the same 2012 act that inserted the "physical delivery" requirement into subsection (1), the Legislature also enacted subsection (3) to govern the refund of a purchaser's bid if a sale is rescinded. That subsection states:

> *"The trustee must refund the bid amount to the purchaser no later than the third day following the postmarked mailing of the rescission notice described under subsection (4) of this section."*

RCW 61.24.050(3) (emphasis added).

This internal statutory contrast is dispositive. It demonstrates conclusively that the Legislature knew precisely how to specify "mailing" when it deemed that standard sufficient, as in the ministerial act of returning funds. Yet, for the substantive and title-vesting act of conveyance, it deliberately chose the more restrictive term "physical delivery." The two terms are not interchangeable.

        *(iii)*    *The Legislative Deliberately Chose "Physical Delivery" Over Broader Alternatives*

The Legislature's narrow choice of "physical delivery" stands in stark contrast to the broad definitions of "delivery" it employed in other commercial statutes. For instance, the Washington Business Corporation Act defines "deliver" to include "any method of delivery used in conventional commercial practice, including delivery by hand, mail, commercial delivery, and… by electronic transmission." RCW 23B.01.400(7). The Legislature's refusal to use this broader, conventional language in the DTA confirms its intent to establish a more stringent, tangible standard for the final, irrevocable act of divesting a homeowner of title.

        *(iv)*    *This Interpretation is Reinforced by the Use of "Physical Delivery" in Other Washington Statutes.*

This interpretation—that "physical delivery" requires a tangible, hand-to-hand conveyance—is reinforced by how Washington law uses the term elsewhere, connoting an act where the grantee can physically touch or control the item. For example, Washington

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

regulations mandate the "actual physical delivery" of insurance policies to the policyholder. WAC 284-30-580(2). Similarly, state law requires the "physical delivery" of license plates from a dealer to a vehicle purchaser. RCW 46.70.180(12)(c). In both instances, the term signifies a direct, tangible transfer, not the mere act of placing the item in a mail receptacle. This consistent usage across Washington law supports the conclusion that the Legislature intended the same tangible standard to apply to the conveyance of a trustee's deed.

### b. The Legislative History Confirms the 2012 Amendment Was a Substantive Change to Protect Homeowners.

The Bankruptcy Court's interpretation of RCW 61.24.050(1) rested on the erroneous conclusion that Appellant had failed to provide "evidence that the Washington State legislature considered and approved of these interpretations when it enacted the 2012 amendments." ER 8. This conclusion is incorrect. A review of the DTA's legislative evolution provides precisely that evidence.

The history of two key amendments—one in 2012 and another in 2023—unambiguously supports the conclusion that the Legislature intended to create bright-line, protective rules that require tangible, deliberate acts to divest a homeowner of title. First, the 2012 amendment, Laws of 2012, ch. 69, § 1, (amending RCW 61.24.050) adding the word "physical" was a substantive change, not a mere clarification. It replaced the vague, pre-amendment "delivery" which relied on "grantor intent" standard from cases like *Anderson v. Ruberg*, 20 Wn.2d 103 (1944), with a concrete and tangible requirement, establishing a clear, verifiable event as the dispositive moment a borrower's rights are extinguished.

Second, the Legislature's 2023 amendment, Laws of 2023, ch. 297, § 3, further dismantled the argument that the trustee's duties are purely ministerial. The amendment revised RCW 61.24.040(11) to make the trustee's duty to execute a deed expressly "subject to RCW 61.24.050," which includes the trustee's power to rescind a sale. RCW 61.24.040(11). This change is fatal to the Appellees' characterization of the trustee's role as non-discretionary and

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

renders reliance on pre-amendment cases like *Udall v. T.D. Escrow Services, Inc.*, 159 Wn.2d 903 (2007), misplaced. This amendment proves that the sale process is not irrevocably concluded at the auction's end, reinforcing that the final, title-vesting event is the subsequent physical delivery of the deed.

This legislative focus on creating clear, tangible rules aligns with the Washington Supreme Court's mandate that a foreclosure trustee has a quasi-fiduciary duty that requires more than merely following an "unread statute." *See Klem*, 176 Wn.2d at 791. The Bankruptcy Court's ruling, which reverts to a pre-2012 common-law standard, ignores this clear legislative and judicial trend and must be reversed.

### c. The Bankruptcy Court Committed Reversible Error by Ignoring Canons of Construction and Legislative Intent.

As demonstrated above, the Bankruptcy Court's conclusion that mailing constitutes "physical delivery" was legal error for three distinct reasons directly evident from its order.

First, its interpretation impermissibly renders the Legislature's 2012 addition of the word "physical" entirely superfluous, violating a foundational canon of Washington construction. *See State v. Roggenkamp*, 153 Wn.2d at 622, 106 P.3d 196. The court's reasoning—that placing a deed in the mail is a "physical act"—ignores that this interpretation would have been true even without the 2012 amendment, rendering the Legislature's action a nullity.

Second, the court improperly relied on the antiquated, pre-amendment "grantor intent" standard from *Anderson v. Ruberg*, 20 Wn.2d 103. *See* Order (Doc. 76) at 5. The very purpose of the Legislature's 2012 amendment was to replace that vague common-law standard with a specific, bright-line statutory command. A specific legislative mandate always supersedes a general common-law rule, a principle the court's analysis overlooked.

Finally, the court's entire analysis ignores the unwavering directive from the Washington Supreme Court that the DTA must be strictly construed to protect borrowers and

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

that a foreclosure trustee has a quasi-fiduciary duty that requires more than merely following an "unread statute." *See Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 791 (2013). By reverting to a pre-2012 common-law standard, the court's ruling disregards this clear legislative and judicial trend and must be reversed.

### 2. The Second Condition Failed: Timely Recording Became Legally Impossible Post-Petition.

The foreclosure sale was independently void for a second, equally dispositive reason: the failure of a mandatory condition precedent for finality established by the plain text of the Deed of Trust Act (DTA). Under RCW 61.24.050(1), a sale is only deemed "final" as of the auction date,

> "if the trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter."

*Id.* (emphasis added). This second condition also failed as a matter of law due to the intervening bankruptcy. Without an emergency motion for stay relief order with a waiver of Federal Rule of Bankruptcy Procedure 4001(a)(4), it was made legally impossible to meet the 15-day recording requirement without violating the automatic stay. Because these conditions precedent were not met, the sale was never finalized.

The timeline is dispositive. The auction occurred on September 20, 2024, setting a 15-day recording deadline of October 5, 2024. Mr. Rosenthal filed for bankruptcy on September 24. At that moment, the automatic stay rendered subsequent recording legally impossible. 11 U.S.C. § 362(a)(3). Any post-petition recording would be void. *See In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992).

Critically, no exception to the stay applies, and the DTA contains no provision that tolls or extends this 15-day recording deadline on account of a bankruptcy filing. *See* 11 U.S.C. §§ 362(b)(3), 546(b), 108. The limited perfection exception of 11 U.S.C. § 362(b)(3) is inapplicable because Washington's DTA is not a "relation-back" statute of the type

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

contemplated by 11 U.S.C. § 546(b). While the DTA provides for the sale's finality to relate back to the auction date *between the parties* if the deed is timely recorded, it does not grant the purchaser a right to perfect its interest with retroactive effect against an intervening bona fide purchaser, such as a bankruptcy trustee. The DTA's finality provision is strictly conditional and forward-looking; unlike a mechanic's lien statute, it cannot defeat the supervening rights of the bankruptcy estate that attached upon the petition filing. Therefore, the exception to the stay does not apply."

Because both mandatory statutory conditions for a completed sale—pre-petition physical delivery and timely recording—failed, the sale was void ab initio. A direct and inescapable consequence of this voidness is that the Purchasers acquired no interest whatsoever in the Property on the petition date. Their claim to have acquired equitable title upon the acceptance of their bid is incorrect as a matter of Washington law.

> **D.** **Because the Statutory Conditions Failed, the Sale Was a Legal Nullity and the Purchasers Acquired No Interest in the Property.**

The failure of the DTA's mandatory conditions precedent—pre-petition physical delivery and timely post-auction recording—renders the foreclosure sale void *ab initio*. A direct and inescapable consequence of this voidness is that the Purchasers acquired no interest whatsoever in the Property on the petition date. Their anticipated claim to have acquired an equitable title upon the acceptance of their bid is incorrect as a matter of controlling Washington law.

> **1.** **The Deed of Trust Act Displaces the Common Law Doctrine of Equitable Conversion.**

Under the common-law doctrine of equitable conversion, a purchaser of real property may acquire equitable title upon the execution of a binding purchase and sale agreement. Appellees implicitly rely on this doctrine, arguing that the auctioneer's acceptance of their bid was the equivalent of a binding contract that immediately vested them with equitable title. *See* ER 568. This argument fails because the Deed of Trust Act (DTA), as a specific and

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

comprehensive statutory scheme, displaces the general common-law doctrine in the context of nonjudicial foreclosures.

The Washington Legislature did not leave the determination of title transfer to common-law principles. Instead, it enacted a detailed statutory framework that explicitly defines the exclusive acts required to finalize a sale and convey title: physical delivery of the deed to convey title and timely recording **o**f that deed to finalize the sale's effective date. RCW 61.24.050(1). Where the Legislature has occupied the field with such specific requirements, there is no room for the common-law doctrine of equitable conversion to apply. The statute, not the common law, controls.

## 2. Because the Sale Was Void, the Purchasers Acquired No Interest in the Property, Legal or Equitable.

More fundamentally, the sale's void status precludes the transfer of any interest. A void act is a legal nullity. It is "of no legal force or effect." *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 568 (2012). It is as if the sale never happened. An event that is legally deemed never to have occurred cannot be the source of any property rights, including equitable title.

Appellees' reliance on cases like *Ten Bridges, LLC v. Guandai*, 15 Wash. App. 2d 223, 231, 474 P.3d 1060, 1066 (2020), for the proposition that a purchaser acquires an "inchoate ownership interest" at the auction is therefore misplaced. That concept can only apply, if at all, to a *procedurally valid* sale where only ministerial acts remain. It has no application to a sale that is void *ab initio* due to the failure to comply with the DTA's mandatory requirements.

On the petition date, the Purchasers did not hold equitable title. They held nothing more than a contingent, pre-contractual right to have their bid honored and the sale finalized *if, and only if*, all statutory conditions precedent were satisfied. Because the intervening bankruptcy made it legally impossible for those conditions to be met pre-petition, the Purchasers' contingent interest never ripened into any cognizable property right. Consequently, Mr.

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Rosenthal entered bankruptcy, retaining the full bundle of property rights—both legal and equitable title—which became property of the estate under 11 U.S.C. § 541(a).

### 3. Since 2012, Washington's Bankruptcy Courts have Consistently Confirmed that Physical Delivery is the Indispensable Act of Conveyance.

Since the Legislature's 2012 amendment adding the word "physical" to RCW 61.24.050(1), federal bankruptcy courts in Washington state have built a consistent and robust body of case law holding that the failure to physically deliver a trustee's deed pre-petition is a fatal defect that leaves full ownership rights with the debtor. The Bankruptcy Court's ruling in this case stands in direct opposition to this entire line of authority.

For example, in *In re Betchan*, the court found a sale incomplete where the trustee's deed had not been acknowledged and physically delivered pre-petition, reasoning that without a validly executed and delivered deed, no conveyance could occur under Washington law. 524 B.R. 830, 833–34 (Bankr. E.D. Wash. 2015). Similarly, in *In re Lopez*, the court held that a debtor retains an interest in property when the trustee's deed is not delivered before the bankruptcy filing, even if the auction had already occurred. No. 18-03227-FPC13, 2019 WL 4744911, at *3 (Bankr. E.D. Wash. Feb. 6, 2019).

The court in *In re Nelson* addressed the nature of a debtor's interest in property following a foreclosure auction but prior to the delivery of the trustee's deed. No. 16-44597, 2017 Bankr. LEXIS 529 (Bankr. W.D. Wash. Feb. 24, 2017). There, the court concluded that, absent a challenge based on applicable procedural or other irregularities in the conduct of the sale itself, the debtor's interest is reduced to bare legal title together with a possessory interest. *Id.* at *8 (emphasis added). The court also held that post-petition delivery of the deed was not a ministerial act and violated the automatic stay. *Id.* at *10.

While Appellees will undoubtedly cite *Nelson* for its "bare legal title" language, their reliance is misplaced. This is the critical distinction for Mr. Rosenthal's appeal: the reasoning in *Nelson* applies only when the underlying sale is presumed to be valid under the DTA, leaving

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

only post-sale acts to be completed. It does not apply, and cannot apply, where the sale itself is challenged as void *ab initio* for failure to comply with a mandatory statutory prerequisite—in this case, the lack of pre-petition "physical delivery." A void sale conveys no interest whatsoever, leaving the debtor with full legal and equitable title, not "bare legal title."

This line of cases culminated in the Ninth Circuit B.A.P.'s decision in *Wilmington Sav. Fund Soc'y, FSB v. Fairbanks (In re Fairbanks)*, No. WW-21-1019-FBS, 2021 Bankr. LEXIS 2209 (B.A.P. 9th Cir. Aug. 12, 2021). The B.A.P. held that where a bankruptcy petition is filed after a foreclosure auction but before the trustee's deed is delivered, the subsequent post-petition acts to execute, deliver, and record the deed are void. *Id.* at *8-9. The panel's reasoning was grounded in the plain text of Washington's DTA, concluding that because RCW 61.24.050(1) requires physical delivery of the deed to convey title, the transfer is not complete at the auction. *Id.* at *8. The B.A.P. expressly distinguished Washington's "deed-delivery" statute from California's "gavel rule" statute, affirming that under Washington law, ownership does not transfer at the auction but only upon the subsequent delivery of the deed. *Id.* at *9.

These cases are not outliers; they represent the settled interpretation of the DTA in the bankruptcy context. The careful, text-based approach they employ is not unique, federal bankruptcy courts in Washington have consistently recognize the legal significance of a sale's discrete statutory steps. In *Cnty. of Imperial Treasurer-Tax Collector v. Stadtmueller (In re RW Meridian LLC)*, the B.A.P. analyzed California's tax foreclosure scheme and refused to collapse the sale process into a single event, holding that the "date of the sale" (the auction) was not the same as the "date the property was sold." 564 B.R. 21, 31 (B.A.P. 9th Cir. 2017). The distinction in Washington's DTA is even more pronounced. By asking this Court to treat the auction as the final and complete sale, Appellees are asking it to ignore the very method of statutory analysis employed by the B.A.P. in *Meridian* and to render the Washington Legislature's explicit command for "physical delivery" meaningless. Because the statutory prerequisite of physical delivery was not met before Mr. Rosenthal filed for bankruptcy, the sale

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

was never completed.

**E. Appellees' Defenses, Rooted in Outdated Common Law and Misinterpreted Statutes, Must Fail.**

Appellees seek to circumvent the DTA's plain text by relying on pre-amendment case law and inapplicable common law principles. These arguments crumble upon inspection.

**1. The 2012 "Physical Delivery" Amendment Superseded the Common Law "Grantor Intent" Standard.**

Appellees argue that delivery was complete upon mailing because the trustee intended to part with dominion over the deed, citing antiquated common law cases like *Anderson v. Ruberg*, 20 Wn.2d 103, 145 P.2d 890. This argument ignores a fundamental canon of statutory construction: a specific legislative command supersedes a general common law rule. The Legislature's 2012 amendment adding the specific word "physical" to the delivery requirement in RCW 61.24.050(1) was a deliberate act to replace the vague, intent-based common law standard with a concrete, bright-line statutory rule. To allow the subjective "grantor intent" test from *Anderson* to control would be to render the 2012 amendment superfluous.

**F. Appellees' Anticipated Defenses Are Legally Untenable.**

In the proceedings below, Appellees advanced defenses based on waiver and equity. The Bankruptcy Court erred in accepting these arguments, as each defense fails because controlling Washington Supreme Court precedent holds that such doctrines are powerless to validate a sale that is void *ab initio*.

**1. The Waiver Doctrine Does Not Apply Because a Jurisdictional Defect That Renders a Sale Void Cannot Be Waived.**

Appellees will likely contend that Mr. Rosenthal waived his rights by not obtaining a pre-sale injunction under RCW 61.24.130, citing cases like *Plein v. Lackey* and *Larson v. Snohomish County*. This argument, which the Bankruptcy Court erroneously accepted, fundamentally misunderstands the critical distinction Washington law draws between a *voidable* sale and a sale that is *void ab initio*.

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

1    The waiver doctrine applies only to procedural irregularities that would render a sale

2    merely voidable, such as disputes over the default amount. It does not and cannot apply to a

3    fundamental statutory defect that renders the entire sale void. When a trustee fails to strictly

4    comply with the DTA's mandatory requirements, the resulting sale is a legal nullity.

5    The Washington Supreme Court's decision in *Albice v. Premier Mortgage Services of*

6    *Washington, Inc.*, 174 Wn.2d 560, 276 P.3d 1277 (2012), is dispositive on this point. In *Albice*,

7    a trustee continued a sale beyond the statutorily permitted 120-day limit, a clear violation of the

8    DTA. *Id.* at 565-66. The purchaser, a BFP, argued—just as Appellees do here—that the

9    homeowner waived any challenge by failing to seek a pre-sale injunction. *Id.* at 569. The

10   Supreme Court emphatically rejected this argument, holding that the trustee's failure to comply

11   with a mandatory timeline was a jurisdictional defect that rendered the sale void, and a void sale

12   cannot be saved by waiver. *Id.* at 572.

13   The Supreme Court reinforced this principle a year later in *Schroeder*, 177 Wn.2d 94,

14   297 P.3d 677. In that case, a trustee attempted to nonjudicially foreclose on agricultural

15   property, an act expressly prohibited by the DTA. The Court held that this statutory prohibition

16   was a non-waivable jurisdictional limit on the trustee's power, explaining:

17       These are not, properly speaking, rights held by the debtor;
         instead, they are limits on the trustee's power to foreclose without
18       judicial supervision.

19   *Id.* at 107, 297 P.33d 677. The Court's reasoning in *Schroeder* explicitly rejects the argument

20   that a borrower's failure to seek an injunction can validate a sale that violates the DTA's

21   mandatory, non-waivable provisions.

22   The controlling rule from *Albice* and *Schroeder* is that a jurisdictional defect that renders

23   a sale void cannot be waived by failing to seek a pre-sale injunction. . As one commentator has

24   noted, after these decisions, the Supreme Court now "[t]he waiver doctrine is now relegated to

25   an equitable doctrine that may apply after a proper sale to a bona fide purchaser is completed."

26

27

APPELLANTS' OPENING                    DEVLIN LAW FIRM LLC
BRIEF ON APPEAL                        1526 GILPIN AVENUE
                                       WILMINGTON, DE 19806
                                       TEL: (302) 449-9010

David A. Leen, *Wrongful Foreclosures in Washington*, 49 GONZ. L. REV. 331, 359 (2014). Since the sale here was void *ab initio* and never properly completed, the waiver doctrine is inapplicable by its own terms.

Thus, the waiver rule articulated in cases like *Plein v. Lackey*, 149 Wn.2d 214 (2003)(establishing that while failure to enjoin a foreclosure sale generally waives post-sale challenges to procedural defects, the waiver rule "does not apply to a claim that the sale is void"), and *Larson v. Snohomish County*, 20 Wn. App. 2d 243 (2021)(reaffirming that the waiver defense does not preclude a quiet title action where a sale is alleged to be void for failure to comply with statutory prerequisites) are therefore inapplicable. Those cases address waivable, post-sale challenges to procedural errors that render a sale merely voidable, where the trustee otherwise had the authority to act. They do not apply where the trustee lacks the fundamental statutory authority to complete the sale in the first place.

A trustee's authority is derived solely from the DTA. When a trustee acts without that authority—as the trustee did here by failing to complete the sale pre-petition via physical delivery—the resulting transaction is a nullity. A borrower's failure to seek an injunction cannot retroactively grant a trustee power the DTA denies it or breathe life into a sale that is void.

### a. The Appellees' Reliance on Cases Like Frizzell and Leahy is Misplaced Because Those Cases Involved Only Voidable, Not Void, Sales.

In the proceedings below, Appellees relied heavily on a line of cases applying waiver, including *Frizzell v. Murray* and *Leahy v. Quality Loan Serv. Corp.*, to argue that Mr. Rosenthal's claims are barred. *See* ER 572; ER 690. This reliance is misplaced because those cases are factually and legally distinguishable. They involved challenges to procedural defects that would render a sale merely **voidable,** not fundamental statutory failures that render a sale **void** *ab initio***.**

In *Frizzell v. Murray*, the Washington Supreme Court affirmed a grant of summary judgment dismissing a homeowner's post-sale challenge. 179 Wn.2d 301, 313 P.3d 1171

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

(2013). The borrowers in *Frizzell* did not allege a defect that deprived the trustee of its statutory authority to conduct the sale itself. Instead, their claims were contractual and equitable in nature—classic examples of issues that, if proven, might make a sale voidable but do not implicate the trustee's fundamental power to act. The claims in that case were based on an alleged breach of an oral promise to modify the loan—a classic example of a waivable, equitable claim that does not implicate the trustee's fundamental statutory authority to conduct the sale. Because the claims were waivable and known to the homeowners before the sale, the court's application of waiver in that context is entirely consistent with *Albice*/*Schroeder* and does not control here, where the alleged defect is jurisdictional.

Similarly, in *Leahy v. Quality Loan Serv. Corp.*, the Court of Appeals affirmed a dismissal based on waiver where the homeowner's claims involved non-jurisdictional, procedural challenges to the foreclosing party's authority. 190 Wn. App. 1, 10, 359 P.3d 805 (2015). There, the court applied waiver to a homeowner's claims that the foreclosing party was not the true beneficiary and thus lacked authority to foreclose. *Id.* at 10, 359 P.3d 805. As in *Frizzell*, the claims in *Leahy* were of the type that would render a sale merely voidable

This claim is analogous to the one raised in *Merry v. Northwest Trustee Services, Inc.*, 188 Wn. App. 174 (2015), and involves a non-jurisdictional, procedural challenge to the authority of the parties, not a challenge to a mandatory statutory prerequisite for the sale process itself. In both *Leahy* and *Merry*, the courts correctly applied waiver to claims that would, at most, render the sales voidable.

Additionally, another waiver case like *Merry v. Northwest Trustee Services, Inc.*, 188 Wn. App. 174, 352 P.3d 830 (2015) is also distinguishable. In *Merry*, the homeowner's post-sale challenges were grounded in what the court characterized as "technical, formal, likely correctable and non-prejudicial violations" of the Deed of Trust Act (DTA)—specifically, issues related to were all related to the MERS system: whether MERS could be a beneficiary, whether an assignment from MERS was valid, and whether the successor trustee was properly

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

appointed by a legitimate beneficiary. *Id.* at 177. The court found that because the homeowner had notice of these non-jurisdictional defects and failed to act, it was equitable to apply waiver. The court explicitly based its decision on the fact that applying waiver was "not inequitable nor is it inconsistent with the goals of the DTA." *Id.*

By contrast, Mr. Rosenthal's claim does not rest on a technical or merely procedural irregularity. He alleges a fundamental statutory defect that deprived the trustee of its authority to complete the sale: the failure to satisfy the mandatory, jurisdictional prerequisite of "physical delivery" under RCW 61.24.050(1). Unlike in *Albice* or *Schroeder*, the claims in *Frizzel*, *Leahy*, and *Merry* did not assert that the sale was statutorily prohibited (like agricultural land) or that the trustee's authority had expired (like the 120-day rule). The underlying debt in all three cases was valid, the default was real, and the property was eligible for nonjudicial foreclosure.

### 2. Equitable Considerations Cannot Validate a Statutorily Void Sale.

Any argument that the law should protect the Purchasers as bona fide parties is equally unavailing. Equity follows the law; it cannot be used to override a clear statutory mandate. The DTA displaces the common-law doctrine of equitable conversion. More fundamentally, a void act is a legal nullity and cannot be the source of *any* property rights. *Albice*, 174 Wn.2d at 568. The Washington Supreme Court addressed this exact argument in *Albice*, stating that "equitable arguments cannot supplant the statute's requirements" and rejecting the idea that substantial compliance could save a non-compliant sale. 174 Wn.2d at 568.

A void deed conveys nothing. Consequently, a purchaser at a void foreclosure sale, even a bona fide purchaser for value ("BFP"), acquires no legal or equitable title. A party must hold a present, recognized property interest—not a mere expectancy—before it can assert rights associated with ownership. *Cascade Trailer Court v. Beeson*, 50 Wn. App. 678, 686-87, 749 P.2d 761, 766 (1988), *rev. denied*, 110 Wn.2d 1032. Consequently, Mr. Rosenthal entered bankruptcy retaining full legal and equitable title.

## II. THE TRUSTEE'S POST-PETITION DISBURSEMENT OF $363,188.65 TO

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

**NEWREZ WAS A WILLFUL VIOLATION OF THE AUTOMATIC STAY AND IS VOID AS A MATTER OF LAW.**

The Bankruptcy Court erred in concluding that the trustee's post-petition disbursement of over $363,000 to NewRez, at NewRez's demand, was permissible. The disbursement is void *ab initio* and must be unwound. This conclusion is compelled by a straightforward application of Ninth Circuit precedent to the undisputed facts.

The automatic stay, a cornerstone of federal bankruptcy protection, prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The Ninth Circuit holds, unequivocally, that acts taken in violation of the stay are not merely voidable, but are void. *See In re Schwartz*, 954 F.2d at 571. The Trustee's disbursement to NewRez violated the stay for three dispositive reasons.

First, the funds were property of the bankruptcy estate. As established *supra*, the foreclosure sale was void *ab initio* under Washington's Deed of Trust Act. Because the sale was a legal nullity, full legal and equitable title to the Property remained with Mr. Rosenthal and became property of the estate under 11 U.S.C. § 541(a). Consequently, the proceeds generated from the void sale were, at a minimum, impressed with a trust for the benefit of the estate and subject to its equitable interest. Transferring those funds was a direct exercise of control over estate property.

Second, the disbursement was not a "ministerial act." An act is only ministerial if it is non-discretionary and does not affect substantive rights or involve property whose ownership is in legitimate dispute. *See In re Pettit*, 217 F.3d 1072, 1080 (9th Cir. 2000) ("Where there is a legitimate dispute over ownership, the act is not ministerial."). The moment Mr. Rosenthal filed his bankruptcy petition, he created a legitimate, good-faith dispute over whether the foreclosure sale was complete. This dispute directly implicated the ownership of the sale proceeds. The act of disbursing over $363,000 of those contested funds was a substantive decision to resolve that dispute in NewRez's favor, without court authority, in direct violation of the stay.

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

Third, any state-law duty to disburse proceeds under RCW 61.24.080 is preempted by federal law. The Supremacy Clause of the United States Constitution ensures that the automatic stay overrides any conflicting state-law directive. A trustee cannot use a state statute as a shield to justify an act that federal law unequivocally prohibits. *See Schwartz*, 954 F.2d at 573 (noting that a creditor acts "at its own risk" when it proceeds in violation of the stay).

The violation was also willful. A violation is willful when a creditor knows of the automatic stay and takes an intentional action that violates it. *See Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002). Here, the Trustee and NewRez received notice of the bankruptcy. A full month later, at NewRez's express demand, the Trustee transferred the contested funds. This was not an inadvertent or technical violation; it was a deliberate transfer of estate property in the face of a pending bankruptcy.

Because the transfer was a willful violation of the stay, it is void. The Bankruptcy Court's failure to recognize this was reversible error.

### A. Mr. Rosenthal Retained Full Legal and Equitable Title, Which Became Property of the Estate Under § 541(a).

Property interests in bankruptcy are created and defined by state law. *Butner v. United States*, 440 U.S. 48, 55 (1979). As established in Section I, *supra*, a nonjudicial foreclosure sale in Washington is not complete, and title does not transfer, until the "physical delivery of the trustee's deed to the purchaser." RCW 61.24.050(1). Because physical delivery did not occur pre-petition, Mr. Rosenthal remained the owner of his home at the moment he filed his petition.

Consequently, his complete ownership interest—encompassing full legal and equitable title, as well as the right of possession—became property of the bankruptcy estate pursuant to the broad scope of 11 U.S.C. § 541(a). The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This is not a case where the Debtor retained only "bare legal title" or a mere possessory interest, as Appellees have argued. *See* ER 670. Rather, because the act necessary to divest him of title

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

under state law had not occurred, his entire bundle of rights entered the estate, fully protected by federal bankruptcy law.

### B. The Debtor's Right to Cure His Mortgage Default Under 11 U.S.C. § 1322(c)(1) Was Preserved

A Chapter 13 debtor's statutory right to cure a mortgage default on a principal residence extends until that residence "is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law." 11 U.S.C. § 1322(c)(1). Courts have split on when a sale is complete for purposes of this section, adopting either a "gavel rule" (where rights are cut off at the auction) or a "deed-delivery rule" (where rights survive until title formally transfers).

Washington is unequivocally a deed-delivery jurisdiction. The DTA not only makes "physical delivery" of the deed the operative event of conveyance, RCW 61.24.050(1), but it also provides that a sale is only "final" if the deed is recorded within fifteen days, RCW 61.24.050(2). Because these statutory requirements for completion were not met pre-petition, the sale was not "conducted in accordance with" Washington law as required by § 1322(c)(1). Accordingly, Mr. Rosenthal's right to cure the default and reinstate his mortgage through his Chapter 13 plan remained fully intact. *See, e.g.*, *In re Smith*, 85 F.3d 1555, 1560 (11th Cir. 1996) (applying a deed-delivery rule and holding that the right to cure under § 1322 survives until the foreclosure sale process is completed under state law).

## III. THE BANKRUPTCY COURT'S RELIANCE ON APPELLEES' REMAINING DEFENSES WAS ERRONEOUS

The Bankruptcy Court compounded its state-law error by accepting a series of flawed defenses from the Appellees. These arguments, rooted in inapplicable common law, misinterpreted statutes, and factually distinct case law, are powerless to validate a sale that was void *ab initio*.

### A. The Waiver Doctrine Does Not Apply Because a Jurisdictional Defect Rendering a Sale Void Cannot Be Waived.

Appellees contend that Mr. Rosenthal waived any challenge to the sale by failing to

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

obtain a pre-sale injunction under RCW 61.24.130, citing *Plein v. Lackey*, 149 Wn.2d 214, 67 P.3d 1061. *See* ER 735. This argument fails because Washington law makes a critical distinction between waiving challenges to *voidable* defects and challenging a sale that is *void ab initio*.

The waiver doctrine applies only to procedural irregularities that would render a sale merely voidable. It does not and cannot apply to a fundamental statutory defect that divests the trustee of authority and renders the entire sale void. The Washington Supreme Court's decisions in *Albice* and *Schroeder* are dispositive on this point.

Appellees' reliance on cases like *Frizzell v. Murray* and *Leahy v. Quality Loan Serv. Corp.* is therefore misplaced. Those cases involved challenges to procedural defects (like breach of a promise to modify or a dispute over beneficiary status) that would render a sale merely voidable. Because Mr. Rosenthal's claim—that the trustee failed to satisfy the mandatory condition of pre-petition physical delivery—goes to the trustee's very authority to complete the sale, the controlling rule from *Albice* and *Schroeder* applies, and the waiver defense fails as a matter of law.

### B.     The "Bare Legal Title" Argument is Inapplicable Where a Sale is Void.

Throughout this litigation, Appellees have argued that the sale was effectively "final" at the auction and that Mr. Rosenthal was left with nothing more than "bare legal title." This argument misinterprets Washington law. The "bare legal title" concept, discussed in cases like *In re Nelson*, applies only where a sale is procedurally valid. It has no application where the sale itself is void *ab initio*. A void sale is a legal nullity—it conveys no interest whatsoever, leaving the debtor with the full bundle of rights. *See Albice*, 174 Wn.2d at 568.

### C.     *In re Sharp* is Factually and Legally Inapposite to a Nonjudicial Foreclosure Under the DTA Where Title Never Transferred

The Bankruptcy Court's reliance on *In re Sharp*, 666 B.R. 906 (B.A.P. 9th Cir. 2025), was clear legal error. *Sharp* involved a judicial foreclosure where a sheriff's certificate of sale

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

had already transferred the primary ownership interest pre-petition. This case involves a nonjudicial foreclosure where the specific statutory prerequisite for title transfer—physical delivery of the deed—never occurred pre-petition. As a result, the sale was void, and Mr. Rosenthal entered bankruptcy with the full bundle of property rights. The legal framework from *Sharp* is wholly inapplicable.

In *Sharp*, the debtor filed for bankruptcy after a judicial foreclosure sale where a sheriff's certificate of sale had been issued pre-petition. Under the statutes governing judicial foreclosures, the issuance of that certificate is a legally significant event that transfers the primary ownership interest, leaving the debtor with only a "bare statutory right of redemption." *Id.* at 917–18. The B.A.P.'s holding was therefore unremarkable: a bare right of redemption is insufficient to permit a debtor to cure and reinstate the underlying mortgage.

Mr. Rosenthal's case could not be more different. His rights are not determined by the law of judicial foreclosures but by the DTA, which demands strict compliance with its own exclusive, mandatory procedures. Under the DTA, title does not transfer until the "physical delivery" of the deed. RCW 61.24.050(1). Because that condition precedent failed pre-petition, the sale was void *ab initio*, and Mr. Rosenthal entered bankruptcy not with a mere redemption right, but with the full bundle of property rights—legal title, equitable title, and the right to possession. *See Albice*, 174 Wn.2d at 568.

The fundamental distinctions are stark and dispositive:

- Type of Foreclosure: *Sharp* involved a court-ordered judicial foreclosure. This case involves a private, nonjudicial foreclosure under the DTA.

- Controlling Law: The outcome in *Sharp* was dictated by statutes governing judgments and sheriff's sales. The outcome here is controlled exclusively by the DTA's strict requirements.

- Key Pre-Petition Event: In *Sharp*, the key event was the issuance of a sheriff's certificate of sale, which legally transferred the debtor's primary interest. Here, the key

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

pre-petition event was the mere mailing of a deed—an act with no legal significance for title conveyance under the DTA.

- Title Transfer Status: In *Sharp*, title had effectively transferred pre-petition, subject only to a redemption right. Here, the failure to physically deliver the deed meant title never transferred and the sale was a legal nullity.

- <u>Debtor's Remaining Interest:</u> The debtor in *Sharp* held only a limited statutory right of redemption. Mr. Rosenthal, by contrast, retained full legal and equitable ownership of his home.

Because the sale here was void, the purchaser's interest here was nonexistent under Washington law at the time of filing. The Deed of Trust Act's mandatory conditions had failed: no pre-petition physical delivery meant no conveyance of title, and the impossibility of timely recording meant the sale could never become final. Because the DTA displaces common-law doctrines, the sale's void status precluded the transfer of any interest, legal or equitable. Unlike the purchaser in *Sharp*, who had satisfied the requirements of a different statutory scheme, the purchaser here was entirely dependent on post-petition performance that the automatic stay prohibited. This comparison confirms that Mr. Rosenthal's rights were far stronger than those of the debtor in *Sharp*, and the purchaser's claim in this case is far weaker.

*Sharp* provides no refuge for Appellees. Mr. Rosenthal entered bankruptcy with full ownership of his home, preserving his right to reorganize under Chapter 13. The Bankruptcy Court's failure to recognize these fundamental principles of Washington law was clear error.

## IV. APPELLANT IS ENTITLED TO JUDGMENT QUIETING TITLE AND A PERMANENT INJUNCTION

Because the nonjudicial foreclosure sale was void *ab initio*, Mr. Rosenthal retained full legal and equitable title to the Property. Consequently, this Court should reverse the Bankruptcy Court's denial of relief and remand with instructions to enter a judgment quieting title in Mr. Rosenthal's name and permanently enjoining the Appellees from asserting any claim to the

APPELLANTS' OPENING
BRIEF ON APPEAL

Property.

## A. Appellant Is Entitled to an Order Quieting Title in His Name.

The Bankruptcy Court erred when it dismissed Mr. Rosenthal's claim to quiet title. An action to quiet title is the proper remedy to resolve competing claims to property and to remove any cloud upon a plaintiff's title. Washington law provides that "[a]ny person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action… and may have judgment in such action quieting or removing a cloud from plaintiff's title." RCW 7.28.010. The very purpose of such an action is to "compel others who assert a hostile right or claim to come forward and assert their right or claim and submit it to judicial determination." *Kobza v. Tripp*, 105 Wn. App. 90, 95 (2001).

While a plaintiff must ultimately succeed on the strength of their own title, not merely on the weakness of the defendant's, *see Miebach v. Colasurdo*, 102 Wn.2d 170, 175 (1984), Mr. Rosenthal does precisely that. As has been exhaustively demonstrated in this brief, the foreclosure sale was void *ab initio* for failing to satisfy the DTA's mandatory conditions precedent. A void sale is a legal nullity and conveys no interest whatsoever. *See Albice*, 174 Wn.2d at 568. Because the sale was void, Mr. Rosenthal's own title—full legal and equitable ownership—remained undisturbed.

The Bankruptcy Court dismissed this claim based on its sole, erroneous premise that Mr. Rosenthal had not succeeded on the merits of his underlying claim that the sale was incomplete. *See* Order (Doc. 76) at 6. As has been exhaustively demonstrated in Sections I and II of this brief, that premise was incorrect. The foreclosure sale was void for failing to satisfy the DTA's mandatory conditions precedent. A void sale is a legal nullity and conveys no interest whatsoever. *See Albice*, 174 Wn.2d at 568.

Therefore, Mr. Rosenthal meets all the requirements for quiet title relief. He has a valid subsisting interest in the Property—full legal and equitable ownership. The Purchasers' claim, based on a legally void trustee's deed, constitutes a cloud upon his title. The appropriate remedy

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

is a judgment declaring the Purchasers' deed void and quieting title in Mr. Rosenthal's name, free and clear of any claim by the Appellees. Such relief is essential to allow Mr. Rosenthal to proceed with his Chapter 13 plan, which is predicated on his ownership of the Property.

## B.     Appellant Is Entitled to a Permanent Injunction.

The Bankruptcy Court also erred by denying Mr. Rosenthal's request for a permanent injunction to prevent the Appellees from recording the trustee's deed or otherwise interfering with his ownership. A permanent injunction is warranted where a plaintiff establishes: (1) actual success on the merits; (2) that it will suffer irreparable injury without an injunction; (3) that the balance of hardships tips in its favor; and (4) that the public interest is served by the injunction. *See Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Relations*, 730 F.3d 1024, 1032 (9th Cir. 2013). Mr. Rosenthal satisfies all four factors.

First, as demonstrated throughout this brief, Mr. Rosenthal has shown actual success on the merits. The foreclosure sale was void *ab initio* under controlling Washington law, meaning Appellees have no legal claim to the Property.

Second, the loss of one's home is the quintessential form of irreparable injury for which monetary damages are an inadequate remedy.and "it is well-established that 'the loss of housing constitutes irreparable injury.'" *Park Village Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011). Without an injunction, Mr. Rosenthal faces the permanent and irreversible loss of his home of fifteen years, a unique and non-fungible asset.

Third, the balance of hardships tips overwhelmingly in Mr. Rosenthal's favor. He stands to lose his home and over $550,000 in equity. The Appellees, by contrast, are commercial real estate investors who face only the loss of a financial investment, for which they will be made whole by the return of their purchase funds from the trustee. Their hardship is purely economic and does not compare to the irreparable harm Mr. Rosenthal would suffer.

Finally, the public interest is served by granting the injunction. The public has a strong interest in upholding the integrity of the nonjudicial foreclosure process and ensuring that

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

trustes strictly comply with the DTA's statutory protections for homeowners. Enjoining the effect of a void sale reinforces these principles.

The Bankruptcy Court denied the injunction solely because it found no success on the merits. *See* Order (Doc. 76) at 7. Because that premise was a legal error, its conclusion must be reversed. A proper application of the four-factor test compels the issuance of a permanent injunction.

**CONCLUSION**

For the foregoing reasons, Appellant Gary Rosenthal respectfully requests that this Court reverse the Bankruptcy Court's order granting summary judgment in favor of the Appellees and remand with instructions to enter judgment in favor of Mr. Rosenthal, confirming that the foreclosure sale was not completed, the property remains in the bankruptcy estate, and the post-petition transfer of proceeds was void.

Dated: July 1, 2025

I certify that this memorandum contains 10,757 words, in compliance with the FRBP 8015(a)(7)(B)(i).

By: */s/ Christina L. Henry*

Christina L. Henry, WSBA #31273
DEVLIN LAW FIRM LLC
6100 219th St. SW, Ste. 480
PMB 398
Mountlake Terrace, WA 98043-2222
Tel: (206) 319-0077
*chenry@devlinlawfirm.com*

APPELLANTS' OPENING
BRIEF ON APPEAL

DEVLIN LAW FIRM LLC
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010