UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>GARY ROSENTHAL,<br><br>    Debtor. | CASE NO. 2:25-cv-00828-JNW<br><br>Bankruptcy No. [24-12397-CMA]<br><br>ORDER |
| GARY ROSENTHAL,<br><br>    Plaintiff/Appellant,<br><br>  v.<br><br>NEWREZ LLC; BUDA HILL LLC;<br>EASTSIDE FUNDING LLC,<br><br>    Defendant(s)/Appellee(s). | |

## 1.  INTRODUCTION

Appellant Gary Rosenthal appeals from a grant of summary judgment entered by United States Bankruptcy Chief Judge Christopher M. Alston, holding that the mailing of a trustee's deed constituted "physical delivery" under Washington's Deed of Trust Act and that title to Rosenthal's home was conveyed

ORDER - 1

before he filed for bankruptcy. For the reasons stated below, the Court reverses and remands for further proceedings consistent with this order.

## 2.  BACKGROUND

The material facts of this case are undisputed. For over fifteen years, Appellant Gary Rosenthal has owned and resided at 20228 23rd Place NW, Shoreline, Washington ("Property"). In 2009, Rosenthal gave a promissory note to Provident Funding Associates, L.P. secured by a deed of trust on the Property. Appellee NewRez, LLC ("NewRez") eventually became the holder of the note and deed of trust. Rosenthal cared for his elderly parents until their deaths in 2019 and 2023. Soon after the loss of his parents, Rosenthal fell behind on mortgage payments and defaulted on the loan. NewRez instructed Quality Loan Service Corporation ("Quality Loan"), the trustee under the deed of trust, to hold a nonjudicial foreclosure sale. The foreclosure sale took place on September 20, 2024. ER 628, 630–34. Appellees Buda Hill, LLC ("Buda Hill") and Eastside Funding, LLC ("Eastside Funding"), both real-estate investment entities, submitted the winning bid of $915,100. ER 628.

Four days later, on September 24, 2024, at around 1:51 p.m. (PST), Quality Loan executed, notarized, and placed the Trustee's Deed of Trust ("Trustee's Deed") in the United States mail, addressed to Eastside Funding. ER 628, 635–44. About an hour later, at 2:56 p.m. (PST), Rosenthal filed a Chapter 13 bankruptcy petition. ER 149, 256. This triggered an automatic stay under 11 U.S.C. § 362(a), preventing creditors and other entities from taking action to collect debts or to obtain

ORDER - 2

possession or exercise control over property of the bankruptcy estate. At that point, the Trustee's Deed had already been placed in the mail, but it had not yet been received by Eastside Funding. Eastside Funding did not receive the Trustee's Deed until a day later, September 25, 2024. ER 405.

Quality Loan held the sale proceeds, and in October 2024, at NewRez's demand, Quality Loan disbursed $363,118.65 to NewRez, which represented the outstanding loan balance. ER 629, 648–50. The remaining surplus of about $551,911 remains in Quality Loan's possession. ER 629.

Buda Hill moved for relief from the automatic stay to record the Trustee's Deed. The bankruptcy court granted that motion on January 27, 2025. Rosenthal then commenced an adversary proceeding on January 31, 2025, obtaining a preliminary injunction enjoining Appellees from recording the deed or otherwise affecting title to the Property. Both sides moved for summary judgment. On April 18, 2025, Judge Alston granted summary judgment for Appellees, holding that the mailing of the Trustee's Deed constituted "physical delivery" under RCW 61.24.050(1) and that the foreclosure sale was thus completed *pre-petition*. This Court granted a stay pending appeal, preserving the status quo on review. Dkt. No. 13.

## 3.  LEGAL STANDARD

On appeal, a bankruptcy court's grant of summary judgment is reviewed de novo. *In re Dill*, 731 F.2d 629, 631 (9th Cir. 1984). Questions of statutory interpretation, whether under state or federal law, are also reviewed de novo.

ORDER - 3

*Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004); *State v. Evans*, 298 P.3d 724, 727 (2013).

## 4.  DISCUSSION

**4.1  "Physical delivery" under RCW 61.24.050(1) requires actual receipt by the purchaser.**

This appeal turns on whether Rosenthal retained an interest in the Property when he filed his bankruptcy petition. The Bankruptcy Code provides that all legal or equitable interests of the debtor in property as of the commencement of the case become part of the bankruptcy estate. 11 U.S.C. § 541(a)(1). But any interests that a debtor has lost before filing do not become part of the estate. *In re Braker*, 125 B.R. 798, 801 (9th Cir. BAP 1991). The Bankruptcy Code looks to state law to ascertain the nature and extent of the debtor's property interests. *Butner v. United States*, 440 U.S. 48, 55 (1979).

The relevant state law is Washington's Deed of Trust Act ("DTA"). It reads in relevant part:

> Upon physical delivery of the trustee's deed to the purchaser, or a different grantee as designated by the purchaser following the trustee's sale, the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale which the grantor had or had the power to convey at the time of the execution of the deed of trust, and such as the grantor may have thereafter acquired. Except as provided in subsection (2) of this section, if the trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter. After a trustee's sale, no person shall have any right, by statute or otherwise, to redeem the property sold at the trustee's sale.

RCW 61.24.050(1).

ORDER - 4

Under this statute, delivery of the trustee's deed is a prerequisite to conveyance. Analyzing the same statute, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") held "that title to real property sold at the foreclosure trustee's sale passes to the purchaser when the foreclosure trustee delivers the deed." *In re Fairbanks*, No. 3:20-BK-42304-BDL, 2021 WL 3578937, at *3 (B.A.P. 9th Cir. Aug. 12, 2021). "Thus, the transfer to the purchaser is not completed, and the owner retains at least some rights in the property, until the foreclosure trustee executes and delivers the deed." *Id.* Absent delivery of the deed, the borrower retains at least "some interest in the property that had not yet passed to the buyer." *Id.* This reading of the statute tracks with Washington's general conveyance statute, which provides that "every conveyance of real estate, or any interest therein shall be by deed." *In re Lopez*, 596 B.R. 371, 373 (Bankr. E.D. Wash. 2019) (quoting RCW 64.04.010); *see In re Betchan*, 524 B.R. 830, 832, 835 (Bankr. E.D. Wash. 2015).

There is no dispute that delivery of the trustee's deed is necessary for conveyance. The question before this Court is narrower: whether Quality's act of placing the Trustee's Deed in the mail—before Rosenthal filed his petition—constituted "physical delivery … to the purchaser" within the meaning of RCW 61.24.050(1). No Washington appellate court has interpreted this phrase since the Washington Legislature amended the statute in 2012. A federal court interpreting a state statute as a matter of first impression must "determine what meaning the state highest court would give to the law" by "follow[ing] the state's rules of statutory interpretation." *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 998 (9th Cir. 2017) (citation omitted).

ORDER - 5

Under Washington law, a court's "fundamental objective" in construing a statute is to "ascertain and carry out the Legislature's intent." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 42 P.3d 4, 9–10 (Wash. 2002). "[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *Id.* The court derives legislative intent "solely from the plain language of the statute, considering the text of the provision, the context of the statute, related provisions, amendments to the provision, and the statutory scheme as a whole." *First Student, Inc. v. Dep't of Revenue*, 451 P.3d 1094, 1096 (Wash. 2019). Only if, after this inquiry, the statute "remains susceptible to more than one reasonable meaning" is it ambiguous, warranting resort to extrinsic aids to construction, like legislative history. *Campbell & Gwinn*, 43 P.3d at 12. If the plain meaning of a statute is "unambiguous," however, the court ends its inquiry. *Matter of Dependency of E.M.*, 484 P.3d 461, 465 (Wash. 2021).

The Court applies this framework and concludes that the plain meaning of "physical delivery … to the purchaser" requires the actual, tangible transfer of the deed such that the purchaser receives it. Merely mailing the deed is not enough.

### 4.1.1    The ordinary meaning of "physical delivery" requires actual transfer to the recipient.

The DTA does not define "physical delivery," so the Court looks to the ordinary meaning of this phrase. "We may discern the plain meaning of nontechnical statutory terms from their dictionary definitions," with Webster's Third New International being a recognized authority in discerning plaining meaning. *Columbia Riverkeeper v. Port of Vancouver USA*, 395 P.3d 1031, 1038

(Wash. 2017) (internal quotation omitted). Webster's defines "physical" as "of or relating to natural or material things as opposed to things of mental, moral spiritual, or imaginary." *Physical*, Webster's Third New Int'l Dictionary 1706 (2002). That same dictionary defines "delivery" as "the act of putting property into the legal possession of another whether involving the actual transfer of the physical control of the object from one to the other or being constructively effected in various other ways (as by the handing over of something symbolic of the thing sought to be delivered). *Delivery, id* at 597.

This definition of "delivery" encompasses two alternatives: actual transfer and constructive delivery. The modifier "physical" selects the first alternative and excludes the second. Washington courts must "interpret a statute as a whole so that, if possible, no clause, sentence, or word shall be superfluous, void, or insignificant." *Ralph v. State Dep't of Nat. Res.*, 343 P.3d 342, 345 (Wash. 2014); *see also Spokane Cty. v. Dep't of Fish & Wildlife*, 430 P.3d 655, 658 (Wash. 2018). Reading "physical delivery" to encompass constructive acts like mailing would give the word "physical" no independent meaning. The Court must give the word effect.

Moreover, the full statutory phrase is "upon physical delivery of the trustee's deed *to the purchaser*." The preposition "to" with a designated recipient denotes arrival, not departure. One physically delivers something "to" another person when that person has it, not when the sender relinquishes it. Thus, the Court concludes that when the Washington Legislature specified "physical delivery," it required the actual transfer of the deed to the purchaser, not a constructive or symbolic act such as placing the deed in the mail.

ORDER - 7

Appellees contend that this reading of the statute would limit "physical delivery" to hand-to-hand transfer. But that mischaracterizes both Rosenthal's argument and this Court's holding. The statute does not prescribe any particular method of delivery. Physical delivery may occur through the mail, by courier, or by hand. What matters is the endpoint—the purchaser has received the deed. The method of conveyance is irrelevant; the completion of the transfer is what the statute requires.

### 4.1.2    The statutory context and scheme of the DTA confirm this reading.

Under Washington law, the plain meaning inquiry extends beyond dictionary definitions to the statute's internal structure, related provisions, amendments, and the statutory scheme as a whole. *See Campbell & Gwinn,* 43 P.3d at 9–11; *First Student, Inc.,* 451 P.3d at1096. The 2012 amendment's history is significant. Before 2012, RCW 61.24.050 provided that "[w]hen delivered to the purchaser," the trustee's deed would convey all rights in the property. Laws of 1998, ch. 295, § 7. In 2012, the Legislature replaced "when delivered" with "upon physical delivery." Laws of 2012, ch. 185, § 14. If mailing satisfied the pre-2012 standard and also satisfies the post-2012 standard, the Legislature's addition of the word "physical" changed nothing. The Court declines to adopt an interpretation that renders a deliberate legislative amendment meaningless.

The statute's internal structure points in the same direction. Related statutory provisions must be harmonized to effectuate a consistent statutory scheme. *State v. Vasquez*, 292 P.3d 92, 94 (Wash. 2013). The same 2012 legislation

ORDER - 8

that inserted "physical delivery" into subsection (1) also enacted subsection (3), which provides, "The trustee must refund the bid amount to the purchaser no later than the third day following the *postmarked mailing* of the rescission notice." RCW 61.24.050(3) (emphasis added). "When the legislature uses two different terms in the same statute, courts presume the legislature intends the terms to have different meanings." *Densley v. Dep't of Ret. Sys.*, 173 P.3d 885, 889 (Wash. 2007). The Legislature chose "physical delivery" for the title-transferring act and "postmarked mailing" for the ministerial act of returning funds after a rescinded sale. This internal contrast, within the same statute and the same legislative enactment, shows that the Legislature understood the difference between these concepts and deliberately chose the more demanding standard for the more consequential act.

Reading the statute's two sentences together also confirm the Court's conclusion. As the court explained in *In re Betchan*, the first and second sentences of RCW 61.24.050(1) serve different functions. 524 B.R. at 833–34. The first sentence states that title conveys "[u]pon physical delivery of the trustee's deed to the purchaser." The second sentence establishes a relation-back mechanism—if the deed is recorded within fifteen days after the trustee accepts a bid, the sale is deemed "final as of the date and time of such acceptance." If both sentences were read to identify the moment of transfer, they would conflict—the first pegging transfer to delivery, the second to bid acceptance. *Id.* The harmonizing interpretation reads the first sentence as governing when title transfers and the second as governing the effective date for recording purposes. *Id.* This Court adopts that framework.

ORDER - 9

Finally, this interpretation follows the Washington Supreme Court's directive that the DTA "must be construed in favor of borrowers because of the relative ease with which lenders can forfeit borrowers' interests and the lack of judicial oversight in conducting nonjudicial foreclosure sales." *Klem v. Washington Mut. Bank*, 295 P.3d 1179, 1188 (Wash. 2013). Where, as here, the statutory text and context yield a clear answer, the Washington Supreme Court's directive to construe the DTA in favor of borrowers reinforces—though it does not independently compel—the Court's conclusion.

### 4.1.3    *Udall v. T.D. Escrow Services, Inc.* does not compel a different result.

Appellees rely heavily on *Udall v. T.D. Escrow Services, Inc.*, 154 P.3d 882 (Wash. 2007), in which the Washington Supreme Court described the trustee's delivery of the deed as a "ministerial act." But *Udall* does not control here for at least three reasons.

First, *Udall* was decided in 2007 under the pre-2012 version of the statute, which said "[w]hen delivered to the purchaser" rather than "[u]pon physical delivery of the trustee's deed to the purchaser." As discussed above, the Legislature's subsequent amendment changed the operative language that *Udall* interpreted. *See In re Lopez*, 596 B.R. at 374 n.5 (recognizing that "after the *Udall* decision, the legislature amended Washington's Deeds of Trust Act").

Second, *Udall* addressed a different question: whether a trustee could refuse to deliver a deed after a valid sale because the auctioneer had opened bidding at an erroneously low price. The court held the trustee could not, and that once the bid

ORDER - 10

was accepted, the trustee was obligated to deliver. 154 P.3d at 887–88. But the question here is not *whether* the trustee must deliver the deed; it is *when* title transfers for purposes of determining what interests Rosenthal held at the time of his bankruptcy petition. Those are distinct inquiries.

Third, *Udall*'s own language supports this Court's holding. The court stated, "[T]he trustee sells the property at auction, the purchaser pays the price bid, and the trustee executes the deed to the purchaser *at which time* 'all of the right, title, and interest' in the property is conveyed." *Id.* (emphasis in original). As the *Lopez* court recognized, this statement confirms that conveyance occurs upon execution and delivery, not at the auction. 596 B.R. at 374. The *Udall* court also expressly identified "the borrower's presale bankruptcy filing" as an example of a procedural irregularity that could void a foreclosure sale. 154 P.3d at 887–88.

**4.2    Because physical delivery did not occur pre-petition, Rosenthal retained an interest in the Property that became property of the bankruptcy estate.**

Applying the analysis above to the undisputed facts, the Court concludes that "physical delivery" of the Trustee's Deed did not occur before Rosenthal filed his bankruptcy petition. Quality Loan placed the deed in the mail at 1:51 p.m. on September 24, 2024. Rosenthal filed his petition at 2:56 p.m. that same day. Eastside Funding did not receive the deed until September 25, 2024. Because the statutory condition for conveyance—physical delivery of the deed to the purchaser— had not been satisfied at the time of filing, Rosenthal retained an interest in the Property. "[T]hat interest, whatever its nature, became property of the bankruptcy

ORDER - 11

estate" under 11 U.S.C. § 541(a)(1). *In re Fairbanks*, 2021 WL 3578937, at *3. Because the bankruptcy court's conclusion otherwise was legal error, its order is reversed.

### 4.3    The remaining issues are remanded for further proceedings.

The bankruptcy court's rulings on Rosenthal's claims for quiet title, a permanent injunction, and a violation of the automatic stay were each premised on its threshold conclusion that the sale was completed pre-petition and the Property was not estate property. Because this Court has reversed that threshold determination, those downstream rulings must be reconsidered under the correct legal framework. The Court remands those issues for the bankruptcy court to address in the first instance.

Rosenthal abandoned his claims under 11 U.S.C. §§ 547, 548, and 550 before the bankruptcy court and does not challenge those rulings on appeal. Rosenthal also expressly disclaims any challenge to the bankruptcy court's ruling on his § 544(a)(3) claim. Dkt. No. 36 at 6. Those rulings are undisturbed.

ORDER - 12

## 5. CONCLUSION

Accordingly, the Court REVERSES the bankruptcy court's order granting summary judgment for Appellees and REMANDS for further proceedings consistent with this order.

Dated this 19th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 13